UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

**FILED**
**MAR 1 5 2007**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DANIEL SIMMONS :
1409 W. Virginia Avenue NE
Washington, D.C. 20002 :
    Plaintiff

v. :

    Case: 1:07-cv-00493
    Assigned To : Robertson, James
DISTRICT OF COLUMBIA :
    Assign. Date : 3/15/2007
GOVERNMENT
    Description: Simmons v. DC Government
Mayor ~~Williams~~ Fenty :
Mayor's Office
Official Designees for Service of Process:
Tabatha Braxton
Arlethia Thompson
And/or Kadesha Washington
1350 Pennsylvania Avenue N.W. :
6th Floor
Washington, D.C. 20004 :
    Defendant
Also Serve:
Office of the Attorney General
Official Designees for Service of Process:
Darlene Fields
Gale Rivers or
Tonia Robinson
441 4th Street N.W. :
Civil Litigation Division
Washington, D.C. 20001 :
And John Does 1-5
    Defendants :

**COMPLAINT**

**JURISDICTION:**

    1.    This Court has jurisdiction pursuant to U.S.C. Title 28-1331 and U.S.C. Title 42-1983.

**PARTIES**

    2.    Plaintiff, Daniel Simmons, is a resident of the District of Columbia and a

1

Citizen of the United States.

3. Defendant, District of Columbia Government, is a governmental entity capable of suing and being sued.

4. Defendants, John Does, 1-5 were at all times relevant hereto agents, or employees of the District of Columbia Government. Said employees at all times in question were engaged in their employment and acting in the course and scope of their employment and were furthering the business interests of their employer, Defendant, D.C. Government.

**FACTS:**

5. On October 29, 2005, Plaintiff, Daniel Simmons, was arrested and charged with unlawful distribution of a controlled substance in case number F 6300-05.

6. Daniel Simmons was not in possession of a controlled substance and made no effort to sell a controlled substance to an undercover metropolitan police officer.

7. A woman whose identity was unknown to Plaintiff approached Plaintiff and Defendant, an undercover police officer John Doe 1, and offered to sell the undercover officer crack.

8. Plaintiff, Daniel Simmons, was arrested with the unknown woman, and incarcerated on October 29, 2005 and not released from detention until December 3, 2005.

9. On November 10, 20005, the felony charge against Plaintiff, Daniel Simmons, was dropped, and the U.S. Attorney for the District of Columbia assigned to the case entered a formal dismissal of the charges with the Court.

10. Although the charges were dismissed against Plaintiff, Daniel Simmons,

on November 10, 2005, Plaintiff, Daniel Simmons, was not released by prison officials until December 3, 2005.

11.   During that period when he was being illegally held after the criminal charge was dismissed on November 10, 2005, Plaintiff, Daniel Simmons, was subjected to a body cavity search ordered and/or conducted by Defendants, John Does 2-5, who were searching for a correction officer's radio that had been taken by another inmate after that inmate had an altercation with a corrections officer.

12.   Additionally after Plaintiff's, Daniel Simmons, criminal charge had been dismissed on November 10, 2005, he was housed in a cell with a convicted murderer who acted in a threatening manner towards Plaintiff, Daniel Simmons, who had been charged with a non violent crime and who should have not been housed with a convicted murderer.

## COUNT ONE
## U.S.C. TITLE 42-1983 FOURTH AMENDMENT CONSTITUTIONAL AND CIVIL RIGHTS VIOLATIONS

13.   Plaintiff, Daniel Simmons, incorporates herein and makes a part hereof paragraphs 1-12, supra.

14.   On October 29, 2005, John Doe 1, an undercover police officer, arrested Daniel Simmons and charged him with a felony, unlawful distribution of a controlled substance.

15.   At all times in question the Defendant, John Doe 1, knew or should have known that Plaintiff, Daniel Simmons, did not distribute a controlled substance to him. When John Doe 1 asked Daniel Simmons where he could get some crack, Daniel Simmons did not offer to sell him any crack.

16. When John Doe 1, bought some crack from a third party whose identity was unknown to Plaintiff, John Doe 1 arrested Plaintiff and charged him with sale of a controlled substance, a felony.

17. Plaintiff, Daniel Simmons, was deprived of his Fourth Amendment Constitutional Right to be free of illegal search and seizure by Defendant, John Doe One, when he was illegally arrested and unlawfully detained on October 29, 2005.

18. At all times in question, Defendant, John Doe One, was acting under color of law of the District of Columbia, and/or federal statutes and under his authority as a metropolitan police officer.

19. The acts, conduct or omissions of Defendant, John Doe One, were performed knowingly, intentionally, maliciously, willfully, and with deliberate indifference to the rights of Plaintiff. Such actions were condoned by Defendant, John Doe One's, superiors who evinced a custom of laxness or inaction which is the moving force behind the constitutional deprivations complained of herein.

20. As a consequence of the actions of the Defendants and each of them, Plaintiff has sustained mental and emotional distress, indignity and disgrace, loss of his liberty; incurred attorney's fees, and was prevented from pursuing his ordinary business activities.

WHEREFORE, Plaintiff demands Judgment and compensatory damages in the sum of $100,000.00 and Punitive Damages in the sum of $300,000.00.

**COUNT TWO**
**USC TITLE 42-1983 CIVIL AND CONSTITUTIONAL RIGHTS VIOLATION OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION**

21. Plaintiff, Daniel Simmons, incorporates herein and makes a part hereof

4

paragraphs 1-20, supra.

22. Plaintiff, Daniel Simmons, was deprived of his Fifth Amendment Right under the U.S. Constitution to not be deprived of life, liberty or property without due process of law when he was illegally arrested and detained on October 29, 2005, and when the felony charge was dismissed in open court on November 10, 2005, but his liberty was not restored to him rather he was detained with no criminal charges pending against him until December 3, 2005.

23. The Defendants, District of Columbia Government and its agents and employees, John Does 1-5, in failing to initially remedy the illegal arrest and in failing to release Plaintiff, Daniel Simmons, on November 10, 2005 when the criminal charge was dismissed were acting under color of law of the District of Columbia or of federal statute, or under their authority as police officers and/or correction officers for the D.C. Detention Facility.

24. The actions of Defendants and each of them were deliberate, willful, intentional, malicious, and done with gross negligence and a great indifference to the rights of Plaintiff, Daniel Simmons.

25. The actions of the Defendants, District of Columbia Government and its employees and agents in continuing to detain Plaintiff after November 10, 2005 is commensurate with a long standing policy and/or custom of the Defendant, D.C. Government and its agents and employees of deliberate indifference and gross negligence in the management and supervision of the prison system by city officials.

26. In consequence of the actions or failure to act of Defendants and each of them, Plaintiff, Daniel Simmons, sustained mental and emotional distress, deprivation of

5

his freedom, degradations and indignities, loss of time from his ordinary business activities.

WHEREFORE, Plaintiff, Daniel Simmons, demands Judgment, compensatory damages in the sum of $100,00.00, and punitive damages in the amount of $300,000.00.

### COUNT THREE
### USC TITLE 42-1983 CIVIL AND CONSTITUTIONAL VIOLATIONS OF THE EIGHTH AMENDMENT OF THE U.S. CONSTITUTION

27. Plaintiff, Daniel Simmons, incorporates herein by reference and makes a part hereof paragraphs 1-26, supra.

28. Plaintiff, Daniel Simmons was deprived of his Eighth Amendment Right under the U.S. Constitution to be free of cruel and unusual punishment when he was subjected to a body cavity search ordered and/or conducted by Defendants, John Does 2-5, subsequent to November 10, 2005, and when he was housed in a cell with a convicted murderer and subjected to bodily threats by the aforesaid violent inmate. It is a violation of D.C. law to house a pretrial detainee such as Plaintiff with a convicted murderer.

29. At all times in question the Defendants and each of the John Does 2-5 were acting under color of law of the District of Columbia, in their official capacity as D.C. Corrections Officers and/or as government employees, agents or officials of the D.C. Detention Facility, and/or the D.C. Government.

30. The actions or failure to act of the Defendants and each of them was deliberate, intentional, willful, malicious, and done with gross negligence and deliberate indifference to the rights, welfare and safety of Plaintiff, Daniel Simmons.

31. The Defendant, the District of Columbia government, has evinced a long standing policy or custom of gross negligence and deliberate indifference to the

management, and supervision of its prison system and/or the training of its correction officers resulting in the harms complained of by Plaintiff.

32. In consequence of the actions or failure to act of Defendants and each of them, Plaintiff was subjected to great fear of imminent bodily harm and sustained severe mental and emotional distress when housed with a convicted murderer who threatened Plaintiff's safety and well being on a daily basis. Additionally at a time when his freedom should have been restored to him after November 10, 2005, he was subjected to the physical pain, degradation and humiliation of a body cavity search conducted by Defendants, John Does 2-5.  The Defendant's motive for the body cavity search had no connection to any activity of Plaintiff, but was prompted by the actions of another inmate who was involved in an altercation with a corrections officer.

WHEREFORE Plaintiff demands Judgment and compensatory damages in the sum of $150,000.00 and Punitive damages in the sum of $450,000.00.

## COUNT FOUR
## NEGLIGENCE

33. Plaintiff, Daniel Simmons, incorporates herein and makes a part hereof paragraphs 1-32, supra.

34. Defendants, D.C. Government and John Does 2-5 were negligent in their failure to expeditiously perform those administrative steps on or about November 10, 2005 after the criminal charge against Plaintiff, Daniel Simmons, was dropped to effectuate the release of Plaintiff from the D.C. Detention Center.  Said Defendants owed a duty of care to Plaintiff and breached that duty when they failed to timely release Plaintiff from the D.C. Detention Center.  Plaintiff sustained damages due to the negligence of the Defendants which were proximately caused by said Defendant's

negligence.

35. The Defendants and each of them were negligent in housing Plaintiff, Daniel Simmons, with a convicted murderer while he was being detained at the D.C. Detention Center. Said Defendants owed a duty of care to Plaintiff to maintain him in a safe place and breached that duty when housing Plaintiff, a pretrial detainee with a convicted murderer. Plaintiff was subjected to daily threats from the convicted murderer, and suffered great fear for his own safety while he was being illegally detained by the Defendants in an illegal manner. The damages sustained by Plaintiff were proximately caused by the negligence of said Defendants.

36. The Defendants were negligent in conducting a body cavity search of Plaintiff's body looking for a correction officer's radio which obviously could not be secreted by Plaintiff in any body part. Defendants were negligent in conducting any search of Plaintiff who was not involved in the altercation between an inmate and a corrections officer. Defendants owed a duty of care to Plaintiff which they breached. Said actions or failure to act were the proximate cause of the damages sustained by Plaintiff, Daniel Simmons.

37. In consequence of the negligent actions of Defendants and each of them, Plaintiff sustained great fear for his own safety, mental and emotional distress, physical pain, humiliation, embarrassment, degradation, loss of his liberty, loss of the ability to conduct his ordinary business affairs.

WHEREFORE, Plaintiff, Daniel Simmons, demands Judgment in his favor, compensatory damages in the sum of $300,000.00.

## COUNT FIVE
## NEGLIGENT SUPERVISION, TRAINING AND HIRING

38.     Plaintiff, Daniel Simmons, incorporates by reference and makes a part hereof paragraphs 1-37, supra.

39.     Defendant, District of Columbia, acting through its officials, supervisors, agents and employees negligently supervised, trained and hired the John Doe Defendants, 1-5 and other employees, agents and officials involved in the events in question. Defendant, D.C. Government, owed a duty of care to persons in the position of Plaintiff to properly supervise, hire and train its employees, agents, supervisors and officials which duty was breached when Plaintiff was arrested without probable cause, deprived of his Constitutional Rights under the Fourth, Fifth and Eighth Amendment, was illegally detained after the criminal charge was dropped, was housed with a convicted murderer, and subjected to a body cavity search while illegally detained. The damages sustained by Plaintiff, Daniel Simmons, were proximately caused by the negligent supervision, training and hiring by Defendant, D.C. Government of its employees, agents, supervisors and officials.

40.     In consequence of the negligence of Defendant, D.C. Government, Plaintiff, Daniel Simmons, was deprived of his liberty from October 29, 2005 to December 3, 2005, incurred Attorney's Fees, lost time from his ordinary business pursuits, sustained mental and emotional distress, great pain of body, fear for his safety and well being while being illegally detained.

WHEREFORE, Plaintiff, Daniel Simmons, demands Judgment in his favor, compensatory damages in the sum of $300,000.00, attorney's fees, costs of suit. PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully,

*Joan Harvill* (signature)

Joan A. Harvill D.C. Bar: 309112
Attorney for Plaintiff
2217 Princess Anne Street
Suite 218-1
Fredericksburg, VA 22401
(202) 466-6346

## APPENDIX OF FORMS

(See Rule 84)

### Introductory Statement

1. The following forms are intended for illustration only. They are limited in number. No attempt is made to furnish a manual of forms. Each form assumes the action to be brought in the Southern District of New York. If the district in which an action is brought has divisions, the division should be indicated in the caption.

2. Except where otherwise indicated each pleading, motion, and other paper should have a caption similar to that of the summons, with the designation of the particular paper substituted for the word "Summons". In the caption of the summons and in the caption of the complaint all parties must be named but in other pleadings and papers, it is sufficient to state the name of the first party on either side, with an appropriate indication of other parties. See Rules 4(b) [now (a)], 7(b)(2), and 10(a).

3. In Form 3 and the forms following, the words, "Allegation of jurisdiction," are used to indicate the appropriate allegation in Form 2.

4. Each pleading, motion, and other paper is to be signed in his individual name by at least one attorney of record (Rule 11). The attorney's name is to be followed by his address as indicated in Form 3. In forms following Form 3 the signature and address are not indicated.

5. If a party is not represented by an attorney, the signature and address of the party are required in place of those of the attorney.

**Form 1. Summons**

United States District Court for the Southern
District of New York

Civil Action, File Number _____

A. B., Plaintiff
    v.                        } Summons
C. D., Defendant

*To the above-named Defendant:*

You are hereby summoned and required to serve upon _____, plaintiff's attorney, whose address is _____, an answer to the complaint which is herewith served upon you, within 20[1] days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

_____,
*Clerk of Court.*

[Seal of the U.S. District Court]
Dated _____

(This summons is issued pursuant to Rule 4 of the Federal Rules of Civil Procedure)

[1] If the United States or an officer or agency thereof is a defendant, the time to be inserted as to it is 60 days.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949.)

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

### I (a) PLAINTIFFS
Daniel Simmons

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __D.C.__
(EXCEPT IN U.S. PLAINTIFF CASES)

11001

### DEFENDANTS
D.C. Government and John Does 1-5

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __D.C.__
(IN U.S. PLAINTIFF CASES ONLY)

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joan A. Harvill, 2217 Princess Anne St., Suite 218-1, Fredericksburg, VA

Case: 1:07-cv-00493
Assigned To : Robertson, James
Assign. Date : 3/15/2007
Description: Simmons v. DC Government

### II BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☒ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ☐ G. *Habeas Corpus/2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
U.S.C. Title 42-1983 Violation of Civil Rights and torts

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ 2,000,000,000.00   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE 3-13-07 / 2/15/07   SIGNATURE OF ATTORNEY OF RECORD  [signature]

JIC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.