UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Daniel Simmons, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:07 cv 00493 |
| | : | Judge James Robertson |
| The District of Columbia, and | : | |
| John Does 1-5, | : | |
| | : | |
| Defendants. | : | |

<u>DEFENDANT'S MOTION TO DISMISS</u>

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure,

the District of Columbia[1] (hereinafter "the defendants" or "the District"), respectfully

moves to dismiss Plaintiff's Complaint.  In support of this motion, the Court is

respectfully referred to the accompanying memorandum of points and authorities.  A

proposed order consistent with this Motion is also attached hereto.

This the 30th day of May, 2007.

Respectfully submitted,

Linda Singer
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

---

[1] Plaintiff has named the District of Columbia as a defendant and purports to sue John Does 1-5 as "agents or employees of the District of Columbia Government." Compl. ¶ 4.  John Does 1-5 have not been identified or served and no appearance has been entered on their behalf.  The instant motion should be properly construed to encompass all defendants to the extent that they are alleged to be District of Columbia employees or agents acting in their official capacities, although John Does 1-5 are not presently represented by undersigned Counsel.

_/s/  Ellen Efros_

Ellen Efros (250756)
Chief, Equity I

_/s/  Robert J. Hildum_

Robert J. Hildum
Assistant Attorney General
441 4th Street, Northwest
6th Floor South
Washington, D.C. 20001
202-724-6642

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on May 30, 2007, copies of the foregoing

Motion To Dismiss and all accompanying documents were served electronically through

DC USDC eFile and sent by  U.S. Mail, first-class, postage-prepaid to:

Joan Harvill, Esq.
2217 Princess Anne Street
Suite 218-1
Fredericksburg, Virginia 22401

_/s/ Robert J. Hildum_
ROBERT J. HILDUM

2

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Daniel Simmons,                          :
                                         :
        Plaintiff,                       :
                                         :
        v.                               :        Case No. 1:07 cv 00493
                                         :        Judge James Robertson
The District of Columbia, and            :
John Does 1-5,                           :
                                         :
        Defendants.                      :

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

Defendant District of Columbia[1] (hereinafter "defendants" or "the District"),

through Counsel, the Office of the Attorney General for the District of Columbia,

respectfully submits this memorandum in support of the District's motion to dismiss the

actions filed against them.[2]

I.        THE COMPLAINT

Daniel Simmons (hereinafter "plaintiff") filed a complaint on March 15, 2007,

wherein plaintiff seeks to advance five claims of liability against the District and John

Does 1-5 as agents and employees of the District for alleged violations of plaintiff's

Constitutional rights.  Plaintiff alleges three separate counts pursuant to 42 U.S.C. §

---

[1] Plaintiff has named the District of Columbia as a defendant and purports to sue John Does 1-5 as "agents or employees of the District of Columbia Government." Compl. ¶ 4.  John Does 1-5 have not been identified or served and no appearance has been entered on their behalf.  The instant motion should be properly construed to encompass all defendants to the extent that they are alleged to be District of Columbia employees or agents acting in their official capacities, although John Does 1-5 are not presently represented by undersigned Counsel.

[2] Since Defendant's Motion to Dismiss is a dispositive motion there is no requirement that the parties confer prior to the filing of this motion pursuant to Local Rule 7(m).

1983, on the theory that the District acted knowingly, intentionally, maliciously, and with deliberate indifference and that the District's alleged actions toward the plaintiff are part of a longstanding policy and/or custom of the District and its agents and employees of deliberate indifference and gross negligence in the management of the prison system by city officials.  The final two counts allege negligence on the part of the District and its agents and employees.

By way of summary, the complaint's allegations arise from the arrest of plaintiff by the Metropolitan Police Department ("MPD") for distribution of crack to an undercover officer on October 29, 2005.   Plaintiff denies that he made any effort to sell crack to the undercover officer and that he was ever in possession of any narcotics. compl. at ¶ 6.  Plaintiff alleges that a woman unknown to him approached the undercover officer and offered to sell the undercover officer crack.  compl. at ¶ 7.  Plaintiff was arrested along with the unknown woman and charged with distribution of cocaine.   On November 10, 2005 the United States Attorney for the District of Columbia dismissed the charge against plaintiff.  Despite the dismissal of the charge against plaintiff on November 10, 2005, he was not released from jail until December 3, 2005.  compl. at ¶¶ 9-10.  Plaintiff also claims that after his charges were dismissed on November 10, 2005, he was subjected to a body cavity search by corrections officers.  Finally, plaintiff claims he was housed in a cell with a convicted murderer who acted in a threatening manner toward plaintiff.  compl. at ¶¶ 11-12.

Plaintiff's complaint alleges five separate substantive counts as follows:  Count I purports to set forth claimed fourth amendment violations for plaintiff's alleged unlawful arrest under 42 U.S.C. § 1983. compl. at ¶¶ 13-20.   Count II purports to set forth claimed

fifth amendment violations for plaintiff's alleged unlawful detention under 42 U.S.C. § 1983. compl. at ¶¶ 21-26.  Count III purports to set forth claimed eighth amendment violations for the alleged events and conditions during plaintiff's alleged unlawful detention under U.S.C. § 1983. compl. at ¶¶ 27-32.  Count IV alleges negligence on the part of the District and John Does 2-5 for failure to expeditiously effectuate the release of plaintiff after the charges were dropped on November 10, 2005. compl. at ¶¶ 33-37. Finally, Count V alleges negligence on the part of the District in supervision, training and hiring of John Doe defendants 1-5 and other District employees, agents, supervisors, and officials.  compl. at ¶¶ 38-40.

<div align="center">II.    <u>STANDARD OF REVIEW</u></div>

A.    "A motion under 12(b)(1) 'presents a threshold challenge to the court's jurisdiction.'"  *Gardner v. U.S.*, No. 96-1497, 1999 WL 164412, Slip op. at *2 (D.D.C. Jan. 29, 1999), *quoting Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987), *aff'd*, 213 F.3d 735 (D.C. Cir. 2000), *cert. denied*, 531 U.S. 1153 (2001); *see also* 4 Wright & Miller: Federal Prac. & Proc. § 1350 (R12)(2002 Supplement) ("…subject matter jurisdiction deals with the power of the court to hear the plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power.")

A court may resolve a motion to dismiss brought pursuant to Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.  *Herbert v. National Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the

conflicting evidence. *See id.; see also Cureton v. United States Marshal Service*, 322 F. Supp.2d 23, 26 (D.D.C. 2004).

B.     In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept the allegations in the complaint as true. *See, e.g., Croixland Properties Ltd. Partnership v. Corcoran*, 174 F.3d 213, 215 (D.C. Cir. 1999). All reasonable inferences must be drawn in favor of the plaintiff, and a court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id*. (quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)); *see also Price v. Crestar Secs. Corp.*, 44 F. Supp. 2d 351, 353 (D.D.C. 1999).

However, while the complaint is to be construed liberally, courts "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept the legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp., Inc.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The Court also need not accept as true the Complaint's factual allegations insofar as they contradict "matters subject to judicial notice." *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) (public records are subject to judicial notice on a motion to dismiss) (citations omitted); *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624–25 (D.C. Cir. 1997). *See also* Fed. R. Evid. 201(b)(2) (judicial notice may be taken of a fact that is "not subject to reasonable dispute" and is "generally known within the territorial jurisdiction of the trial court" or is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

If a court considers materials outside the pleadings in a ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must convert the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(b); *see also Haase v. Sessions*, 835 F.2d 902, 905–906 (D.C. Cir. 1987).

It is insufficient, to avoid summary judgment, that some factual issues remain in the case; an issue must be both *genuine* and *material* to preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

## III.    ARGUMENT

### A.  Count I:  42 U.S.C. § 1983 Fourth Amendment Constitutional and Civil Rights Violations; Plaintiff's alleged unlawful arrest.

After his arrest on October 29, 2005, plaintiff appeared in Superior Court under case # F 6300-05. *See attached Defendant's Exhibit 1* (A Certified Copy of Superior Court File F-6300-05 Daniel Simmons). According to the sworn statement filed with the Court on October 31, 2005, plaintiff was a willing participant in the undercover purchase of crack on October 29, 2005. The sworn statement asserts that plaintiff agreed to help the undercover officer purchase crack cocaine and that plaintiff walked with the officer to the rear of 1211 Mt. Olivet Road, NE where they met a women identified as Sade Stevens. Plaintiff introduced the officer to Ms. Stevens who then discussed the purchase of crack cocaine. A deal was reached and the officer handed Ms. Stevens twenty dollars in prerecorded funds. In return, Ms. Stevens gave the officer two clear zip lock bags containing crack cocaine.

The officer gave one of the bags to plaintiff for his help in making the deal. Immediately after the purchase, a back up team of MPD officers moved in and arrested plaintiff and Ms. Stevens for distribution of cocaine. *See attached Defendant's Exhibit 1.*

On November 3, 2005, plaintiff appeared in Superior Court with counsel for his preliminary hearing. Judge Sullivan found probable cause for plaintiff's arrest and ordered him held without bond pending action by the grand jury. The D.C. Pretrial Services Report, made available to the Superior Court for the plaintiff's preliminary hearing, reflects a criminal history dating back to 1987. Plaintiff has eight prior convictions including convictions for distribution of cocaine, possession of cocaine, escape, theft and unlawful entry. *See attached Defendant's Exhibit 1.*

Plaintiff's complaint merely alleges that the arresting officer acted "knowingly, intentionally, maliciously, willfully, and with deliberate indifference to the rights of plaintiff." compl. at ¶ 19  Plaintiff also alleges that the arresting officers actions were condoned by "superiors who evinced a custom of laxness or inaction which is the moving force behind the constitutional deprivations complained of herein." compl. at ¶ 19.

The arresting officer's sworn affidavit filed with the Superior Court directly refutes plaintiff's version of events. More importantly, plaintiff wholly fails to identify with specificity the "custom of laxness or inaction" which plaintiff claims forms the basis of Count I.

1.    *Plaintiff Cannot Establish Municipal Liability under 42 U.S.C. § 1983*

To hold the District liable under 42 U.S.C. 1983, a plaintiff must show that the District implemented or executed a policy or custom that causes the deprivation of plaintiff's constitutional rights. *Monell v. Dept. of Social Svcs*, 436 U.S. 658, 690–91

(1978); *Rogala v. District of Columbia*, 161 F.3d 44, 56 (D.C. Cir. 1998) (*per curiam*). Plaintiff thus has the burden of proving (1) that he was deprived of constitutional rights, and (2) that the deprivation was caused by a policy or custom of the District. *Warren v. District of Columbia*, 353 F.3d 36, 38 (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 123–24 (1992)).

Plaintiff has not alleged (and cannot prove) these two elements. Plaintiff's factual allegations regarding his alleged unlawful arrest by the undercover officer are directly refuted by the sworn affidavit presented to Superior Court and the finding of probable cause by the presiding Judge. Plaintiff's arrest was proper, and not an impermissible "policy" of the District.

While controlling case law does not require a plaintiff to "plead law or match facts to every element of a legal theory," *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000), a complaint must "include some factual basis for the allegation of a municipal policy or custom." *Atchison v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996). Plaintiff has failed to meet his burden.

Notwithstanding this fatal deficiency, if the government officials alleged to have committed the constitutional violations lack "final policymaking authority," their mere exercise of discretion, not in service of any municipally established policy, is insufficient to render the District liable. *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997) (*quoting Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 737 (1989)).

Plaintiff cannot meet this high burden. Plaintiff has not alleged—and cannot prove—that the individually named defendants were such "policymaking" officials. Those defendants were merely enforcing the District's laws against distribution of crack

cocaine; there is no "municipally established policy" to deprive plaintiff of his constitutional rights.

Furthermore, plaintiff must show a course deliberately pursued by the District, as opposed to an action taken unilaterally by non policymaking employees, and "an affirmative link between the [District's] policy and the particular constitutional violation alleged." *Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986) (*quoting Oklahoma City v. Tuttle*, 473 U.S. 925 (1985) (plurality opinion)). For liability to attach to the District, plaintiff must provide specific and detailed evidence of a continuing policy or pattern of unconstitutional conduct that was either condoned or deliberately ignored by the District. *Daskalea*, 227 F.3d at 441–42; *Carter*, 795 F.2d at 125–26 (plaintiffs must prove "a persistent, pervasive practice, attributable to a course deliberately pursued by official policy-makers, one that caused the deprivation of constitutional rights plaintiffs [allegedly] experienced."). Evidence of a single incident is not sufficient to show the existence of a policy or pattern. *See Parker v. District of Columbia*, 850 F.2d 708, 712 (D.C. Cir. 1988); *Byrd v. District of Columbia*, 297 F.Supp.2d 136, 139 (D.D.C. 2003) (plaintiff's evidence did not stand up to "the level of exacting proof demanded by . . . this Circuit . . . .").

Plaintiff cannot meet the difficult burden established by case law. Merely invoking the § 1983 buzzword "custom" is not sufficient to demonstrate an actual District practice.  Plaintiff's Count I claims under 42 U.S.C. § 1983 must be dismissed.

2.      *The Undercover Officer is Shielded from Liability by Qualified Immunity.*

It is well-established that qualified immunity shields government officials from liability for civil damages. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). *See also*

*Farmer v. Moritsugu*, 163 F.3d 610, 613 (D.C. Cir. 1998). Where an official's conduct is objectively reasonable in light of existing law, that official will enjoy protection from liability. *See Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

Qualified immunity "protects government officials from [personal] liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *International Action Center v. United States*, 365 F.3d 20, 24 (D.C. Cir. 2004) (quoting *Harlow*, 457 U.S. at 818).

"Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

A court evaluating a claim of qualified immunity must first determine whether plaintiff has alleged the deprivation of an actual constitutional right and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation. *Stewart v. Evans*, 351 F.3d 1239, 1243 (D.C. Cir. 2003) (*quoting Wilson v. Layne*, 526 U.S. 603, 609 (1999)). Questions of qualified immunity should be resolved "at the earliest possible stage of the litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

The individual defendant here, the undercover officer, is protected by qualified immunity unless the plaintiff's allegations could sustain a finding that his conduct violated clearly established law. *See Harlow*, 457 U.S. at 818. Plaintiff apparently alleges that he was simply standing next to the undercover officer when an unknown woman approached the plaintiff and the undercover officer and offered to sell the undercover officer crack cocaine. compl. at § 7 Plaintiff's allegations are conveniently

void of any detail or explanation as to how plaintiff came to be in the presence of the undercover officer. The sworn affidavit of the arresting officer is clear and unambiguous as to the plaintiff's participation in the underlying purchase of crack cocaine; plaintiff was asked where crack cocaine could be purchased and plaintiff voluntarily directed and introduced the officer to the seller, thus participating in the sale. *See attached Defendant's Exhibit 1.*

Plaintiff has utterly failed to allege, much less demonstrate, that the individual defendant's conduct was objectively "unreasonable" in light of existing law. Consequently, the individual defendant is entitled to protection from liability. *See Anderson*, 483 U.S. at 639.

A reasonable official in defendant's situation could have believed that his conduct did not violate plaintiff's constitutional rights. Because the individual defendant's conduct did not violate a clearly established law of which a reasonable official would have known, he is entitled to qualified immunity from plaintiff's section 1983 claim.

Finally, the District asserts that exposing the undercover officer to personal liability in these circumstances would be at odds with the policies underlying the doctrine of qualified immunity. *See Harlow*, 457 U.S. at 806, 814. The risk of personal liability would make it virtually impossible for governments to fill positions such as those occupied by the individual defendant here, as few qualified persons would be willing to assume this responsibility with the accompanying risks of liability. The District cannot be expected to operate in this way, and government officials should not be expected to assume this type of liability. *See Farmer*, 163 F.3d at 616.

Plaintiff's claims against the undercover officer should be dismissed as a matter of law.

**B.   Count II:  42 U.S.C. § 1983 Fifth Amendment Constitutional and Civil Rights Violations; Plaintiff's alleged unlawful detention.**

Plaintiff bases his allegations in Count II on the erroneous claim that his detention after November 10, 2005 was the result of "deliberate indifference and gross negligence in the management and supervision of the prison system by city officials."  compl. at ¶ 25. However, plaintiff's Superior Court record clearly documents a clerical error as the cause of plaintiff's incarceration after November 10, 2005, and not the "deliberate indifference and gross negligence" of the District.  *See attached Defendant's Exhibit 1.*

Defendant's Exhibit 1, plaintiff's Superior Court record, reflects that on November 10, 2005, the United States Attorney for the District of Columbia filed a praecipe dismissing the charges against plaintiff.  A release order, based on the dismissal, was not forwarded to the D.C. Jail until December 2, 2005, at which time the jail promptly released the plaintiff. The order was signed by Superior Court Judge Bruce Beaudoin and dated "12/2/05 nunc pro tunc: 11/10/05" acknowledging the dismissal on November 10, 2005.  At no time prior to December 2, 2005, did any notice regarding the dismissal of charges reach the D.C. Jail. The only cause of plaintiff's detention after November 10, 2005, was an error by a judicial clerk with the Superior Court.

*1.    Judicial Immunity*

It is well settled that judges are immune from liability "for acts committed within their judicial jurisdiction*."  McAllister v. District of Columbia*, 653 A.2d 849, 850-851 (D.C. 1995) (*citing Cunningham v. District of Columbia*, 584 A.2d 573, 576 (D.C. 1990)) (act is

13

"judicial" if a judge typically performs it and the affected parties dealt with the judge in his or her judicial capacity.) *id.*  Additionally, judicial immunity extends to auxiliary court personnel performing tasks that are integral to the judicial process.  *McAllister* at 851 (*citing Forrester v. White*, 484 U.S. 219, 227 (1988)) ("immunity is justified…by the functions it protects and serves, not by the person to whom it attaches.") (emphasis omitted).

As a matter of law, persons performing ministerial functions at the direction of a judge in furtherance of a judicial act are immune from liability.  *Stanton v. Chase*, 497 A.2d 1066, 1067 (D.C. 1985).  The facts as alleged by plaintiff support the conclusion that the District of Columbia is immune from suit in the case at bar.

2.         *Plaintiff Cannot Establish Municipal Liability under 42 U.S.C. § 1983*

As discussed supra to hold the District liable under 42 U.S.C. 1983, a plaintiff must show that the District implemented or executed a policy or custom that causes the deprivation of plaintiff's constitutional rights.  Plaintiff thus has the burden of proving (1) that he was deprived of constitutional rights, and (2) that the deprivation was caused by a policy or custom of the District.

The Superior Court record is clear that any detention of the defendant after his charges were dismissed by the U.S. Attorney was not the result of any District of Columbia custom or policy.  Plaintiff's allegations that the unlawful detention of the plaintiff was the result the District's "deliberate indifference and gross negligence in the management of the prison system by city officials" is without any factual basis.  The plaintiff's continued detention was the result of a simple clerical error and nothing more.

**C. Count III: 42 U.S.C. § 1983 Eighth Amendment Constitutional and Civil Rights Violations; Plaintiff's alleged Cruel and Unusual Treatment.**

Plaintiff alleges two events during his incarceration as the basis for his claims against the District in Count III: First, that during his incarceration from November 10, 2005 to December 3, 2005, plaintiff was housed with a convicted murderer who "threatened plaintiff's safety and well-being on a daily basis." compl. at ¶ 32. And second, that at some time between November 10, 2005 and December 3, 2005, plaintiff claims that he was subjected to "the physical pain, degradation and humiliation of a body cavity search conducted by Defendants, John Does 2-5." compl. at ¶ 32.

Plaintiff claims he was charged with a "non violent crime" (compl. at ¶ 12) and that it is a "violation of D.C. law to house a pretrial detainee such as plaintiff with a convicted murderer." compl. at ¶ 28. Plaintiff fails to cite any specific law or regulation in the District of Columbia to support this assertion. Plaintiff fails to provide any specific events between himself and his cellmate and merely alleges that he was subjected to "bodily threats" by his cellmate. It is important to note that plaintiff is no stranger to jail and has been incarcerated on numerous occasions as a result of his eight prior criminal convictions. *See attached Defendant's Exhibit 1.* Further, plaintiff was charged, in the arrest at issue, with distribution of cocaine which is defined as a "dangerous crime" under D.C. Code § 23-1322(b)(1)(A). *See also attached Defendant's Exhibit 1.*

Plaintiff further claims that he was subjected to a body cavity search by John Doe defendants 2-5. Plaintiff claims that the search was the result of an altercation that another inmate had with a corrections officer, to which plaintiff had no connection. compl. at ¶ 11 and 32.

1.      *Plaintiff Cannot Establish Municipal Liability under 42 U.S.C. § 1983*

15

As discussed supra to hold the District liable under 42 U.S.C. 1983, a plaintiff must show that the District implemented or executed a policy or custom that causes the deprivation of plaintiff's constitutional rights.  Plaintiff thus has the burden of proving (1) that he was deprived of constitutional rights, and (2) that the deprivation was caused by a policy or custom of the District.

The *Eighth Amendment* prohibits the government from inflicting "cruel and unusual punishment" on prison inmates, which includes "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate."  *Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).*  Under well-settled law, the Amendment's prohibition applies only to persons who are subject to "punishment" by the government, which the Supreme Court has defined to mean persons against whom the government "has secured a formal adjudication of guilt in accordance with due process of law."  *Bell v. Wolfish, 441 U.S. 520, 536 n.16, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979)* Thus, the *Eighth Amendment* does not apply to pretrial detainees like plaintiff who have not been adjudicated guilty of any crime and are therefore not subject to "punishment." *See id.*

Courts have held that pretrial detainees have an *independent* due-process right under the *Fifth* and *Fourteenth Amendments* to be free from prison officials' "deliberate indifference" to their substantial medical needs.  *See O.K. v. Bush, 344 F. Supp. 2d 44, 61 n.23 (D.D.C. 2004)* ("The standard of care for a pre-trial detainee who has not yet been convicted . . . is governed by the *Due Process Clause of the Fifth* and *Fourteenth Amendments* rather than by the *Eighth Amendment*."); *see also Barber v. City of Salem, 953 F.2d 232, 235 (6th Cir. 1992)* ("[A] pretrial detainee does not enjoy protection of the

*Eighth Amendment*").  Courts have consistently held that this right belonging to pretrial detainees is "at least as great as" the analogous *Eighth Amendment* right and, therefore, generally treat the two claims as analytically identical.  *See Barber, 953 F.2d at 235* ("[T]he *Eighth Amendment* rights of prisoners are analogous to pretrial detainees' due process right under the *Fourteenth Amendment*."); *Payne v. Churchich, 161 F.3d 1030, 1040 (7th Cir. 1999).*  Notwithstanding the similarity of these rights, it is clear that the right belonging to pretrial detainees arises under the *Fifth* or *Fourteenth Amendment*, not the *Eighth Amendment*.  As a result, the Court must dismiss Count III of the Complaint to the extent that it is based on alleged violations of the *Eighth Amendment* because plaintiff, as a pretrial detainee, had no *Eighth Amendment* rights that could have been violated.

Furthermore, even if plaintiff had properly identified the Fifth Amendment as the basis for any constitutional violation, plaintiff has not alleged any facts that would entitle him to relief.  Plaintiff has wholly failed to identify any policy or custom of the District regarding the selection of his cellmate or his alleged cavity search.  Evidence of a single incident is not sufficient to show the existence of a policy or pattern. *See Parker v. District of Columbia*, 850 F.2d 708, 712 (D.C. Cir. 1988); *Byrd v. District of Columbia*, 297 F.Supp.2d 136, 139 (D.D.C. 2003) (plaintiff's evidence did not stand up to "the level of exacting proof demanded by . . . this Circuit . . . .").

Plaintiff cannot meet the difficult burden established by case law.  As noted previously, merely invoking the § 1983 buzzword "custom" is not sufficient to demonstrate an actual District practice.  Plaintiff's count III claims under 42 U.S.C. § 1983, even if properly pled, must be dismissed.

**D. Count IV:  Negligence; and
    Count V:  Negligent Supervision, Training and Hiring**

Given plaintiff's failure to state a constitutional claim, the Court should *not*
exercise supplemental jurisdiction over the local-law claim, which is the basis of
plaintiff's suit. *Barwood v. District of Columbia*, 202 F.3d 290, 296 (D.C. Cir. 2000) (a
federal court abuses its discretion when it exercises supplemental jurisdiction over local-
law claims which "substantially predominate" over federal claims); *Grano v. Barry*, 733
F.2d 164, 169 (D.C. Cir. 1984) (Circuit dissolved injunction; "the district court should
not retain jurisdiction because this case directly implicates the processes by which a
locality governs itself. Appellees' remedy, if any, lies in the courts of the District of
Columbia."); *cf. Women Prisoners of the District of Columbia Dept. of Corrections v.
District of Columbia*, 93 F.3d 910, 921 (D.C. Cir. 1996) (district court may consider
local-law claims because federal claims "were substantial enough to confer subject matter
jurisdiction on the court . . . ."), *cert. denied*, 520 U.S. 1196 (1997).

Plaintiff fails to state a federal claim, and even if he had, it is not substantial
enough to confer subject matter jurisdiction on the Court, because it is derived wholly
from its local law claims, which directly implicate the processes by which the District
governs itself. *Grano*, 733 F.2d at 169. Moreover, if this Court should dismiss the federal
claims, it should dismiss the local-law claims as well. *See, e.g., United Mine Workers v.
Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before
trial, even though not insubstantial in a jurisdictional sense, the state claims should be
dismissed as well.") (footnote omitted).

III. <u>Conclusion</u>

For the foregoing reasons, the defendant's Motion to Dismiss the Complaint should be granted.  A proposed Order is attached hereto.

<div style="margin-left: 40%;">

Respectfully submitted,

Linda Singer
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/  Ellen Efros_____
Ellen Efros (250756)
Chief, Equity I

_____/s/  Robert J. Hildum_____
Robert J. Hildum
Assistant Attorney General
441 4th Street, Northwest
6th Floor South
Washington, D.C. 20001
202-724-6642

</div>

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Daniel Simmons,                          :
                                         :
          Plaintiff,                     :
                                         :
     v.                                  :          Case No. 1:07 cv 00493
                                         :          Judge James Robertson
The District of Columbia, and            :
John Does 1-5,                           :
                                         :
          Defendants.                    :

## ORDER

Upon consideration of the Defendants' Motion To Dismiss, the Memorandum of

Points and Authorities in Support thereof and any opposition thereto, the entire record

herein, and it appearing that the relief should be granted, it is hereby:

ORDERED, that the Defendants' Motion To Dismiss is, GRANTED, and it is

FURTHER ORDERED, that the Complaint is hereby DISMISSED with

prejudice.

SO ORDERED THIS _____ DAY OF _____, 2007.


                              _____
                              JAMES ROBERTSON
                              United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Daniel Simmons,                          :
                                         :
        Plaintiff,                       :
                                         :
        v.                               :        Case No. 1:07 cv 00493
                                         :        Judge James Robertson
The District of Columbia, and            :
John Does 1-5,                           :
                                         :
        Defendants.                      :


DEFENDANT'S EXHIBIT 1

A Certified Copy of Superior Court File F 6300-05 Daniel Simmons

OOD of # 56
F 6301-05

# F 6300 '05

SIMMONS, DANIEL,

VS

Lockup Nbr: 22

PDID: 0437437

DOB: 10/03/54

CCR: 147419

| **No Papers** **Count(s)** _____ | **Court File Date** | **LOCK UP** **L-22** | PDID _____ DOB _____ CCR _____ |
|---|---|---|---|
| **Charges Filed** ___/___ | ☐ CITATION   ☐ BOND | ☐ Collateral $ _____ | Page _____ |

PDID: 0437437
DOB: 10/03/54
CCR: 147419

| Felony Δ | **DEFENSE COUNSEL** ☐ PRO SE | CODE | S C A R | DATE WITHDRAWN |
|---|---|---|---|---|
| Misdemeaner _____ | 1. P. Segret | 411-949 | ☐ ☐ ☐ ☐ | |
| Traffic _____ | 2. _____ | | ☐ ☐ ☐ ☐ | |
| D.C. _____ | | | | |

| A | Dist (s) | **PROSECUTOR** | CODE | **ASSIGNED TO JUDGE** |
|---|---|---|---|---|
| B | | 1. _____ | | |
| C | | 2. _____ | | Cal. Number  F2-10 |

| D | ☐ Defendant informed of rights pursuant to Superior Court Rule 5 (b) including the right to counsel. | ☐ **LINEUP ORDER FILED** |
|---|---|---|
| E | | ☐ **Sworn Statement Filed Rule 5(c) Determination** |
| F | Count(s) Δ  PLEA: ☐ Not Guilty  ☐ Guilty, JUDGMENT Guilty | ☐ Made  ☐ Waived |

| G | **CONTINUED DATE** d/m | **BOND CONDITIONS** |
|---|---|---|
| H | PREL. HEARING  11/3/05 | **BOND AMOUNT $** NO Bond |
| I | STATUS HEARING | ☐ CASH _____ %  ☐ SURETY |
| | JURY TRIAL | ☐ PERSONAL RECOGNIZANCE |
| **PROBATION** | NON–JURY | ☐ Third Party Custodian |
| ☐ 163 FILED | | ☐ Contribution Ordered |

| Sentence Date | ☐ Defendant Advised of Penalties for Failure to Appear. |
|---|---|
| Report Due Date | 1322 (b)(4) Granted |
| Date Jacket Ready For Probation | |
| Date Received in Probation | Count(s) _____  Nolle Prosequi Prosecutor: _____ |
| By | COURT REPORTER  TAPE ☐ | CLERK | JUDGE/COMM. |
| Date Jacket Returned to Crim. Div. | |

| **Diversion** Date Admitted | ☑ NEW COMMITMENT ☐ BACK TO JAIL O.C. ☐ RELEASE EXECUTED ☐ NOT IN CUSTODY |
|---|---|

| **DISPOSED** | | | | **PENDING** | | | |
|---|---|---|---|---|---|---|---|
| CLOSED | CONT. PAY | ShowCause | B/W | Status | Jury | Non-Jury | Sent |

A TRUE COPY
TEST: 05/30/2007
Clerk Superior Court of the District of Columbia
By: _____ Deputy Clerk

**DATE:**  11-10-05  **FINAL DISPOSITION ONLY**

PRAECIPE OF U.S. ATTORNEY DISMISSING FELONY COMPLAINT HEREIN (COUNT/S) RECEIVED AND FILED THIS DATE.

ORDER FOR DEFENDANT'S RELEASE FORWARDED.  DEC 0 2 2005

NOTICES SENT  11-10-05  BY  SL   BY _____  Rec'd

| Count(s) _____ | Nolle Prosequi Prosecutor: _____ |
|---|---|
| COURT REPORTER  TAPE ☐ | CLERK | JUDGE/COMM. |

**CRIMINAL DIVISION**

**FELONY**

| DATE: 10/3/05 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN<br>JURY DEMAND WITHDRAWN<br>PLEA GUILTY, JUDGMENT GUILTY | COUNT(S)<br>A | CONTINUED DATE<br>12/14/05 | Continued for:<br>FC | In Court<br>2 |
|---|---|---|---|---|---|---|
| COURT REPORTER    TAPE ☐<br>901 | COUNT(S) | Bench Warrant Ordered<br>and issued Forthwith<br>Bench Warrant Bond $ | COUNT(S)<br>A | Preliminary Hearing<br>☐ Held          ☑ Held for G.J. Action<br>☑ Waived      ☐ No Probable Cause | ☐ Rem<br>count<br>dismis<br>sente |
| Counsel: ☐ IS PRESENT<br>☐ IS NOT PRESENT | Defendant: ☐ IS PRESENT<br>☐ IS NOT PRESENT | BOND $ No Bond | ☐ CASH ____%<br>☐ SURETY | ☐ P.R. REMAINS | ☐ Change |

PCF NAGS.   S will be lwoB 1322 B1D

| Count(s) _____ | Nolle Prosequi Prosecutor: _____ | ☐ Defendant Advised of Penalties<br>for Failure to Appear. |
|---|---|---|

| ☐ NEW COMMITMENT EXECUTED | ☐ BACK TO JAIL O.C. | ☐ RELEASE EXECUTED | ☐ NOT IN CUSTODY |
|---|---|---|---|

| DISPOSED | | | | PENDING | | | | | CLERK | JUDGE/COMM.<br>Sullivan |
|---|---|---|---|---|---|---|---|---|---|---|
| CLOSED | Held G.J. | CONT. PAY | Show Cause | B/W | Status | Jury | Non-Jury | Sent. | Others | Updated By |

| DATE: | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN<br>JURY DEMAND WITHDRAWN<br>PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for: | In Court |
|---|---|---|---|---|---|---|
| COURT REPORTER    TAPE ☐ | COUNT(S) | Bench Warrant Ordered<br>and issued Forthwith<br>Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing<br>☐ Held          ☐ Held for G.J. Action<br>☐ Waived      ☐ No Probable Cause | ☐ Rem<br>count<br>dismis<br>sente |
| Counsel: ☐ IS PRESENT<br>☐ IS NOT PRESENT | Defendant: ☐ IS PRESENT<br>☐ IS NOT PRESENT | BOND $ _____ | ☐ CASH ____%<br>☐ SURETY | ☐ P.R. REMAINS | ☐ Change |

| Count(s) _____ | Nolle Prosequi Prosecutor: _____ | ☐ Defendant Advised of Penalties<br>for Failure to Appear. |
|---|---|---|

| ☐ NEW COMMITMENT EXECUTED | ☐ BACK TO JAIL O.C. | ☐ RELEASE EXECUTED | ☐ NOT IN CUSTODY |
|---|---|---|---|

| DISPOSED | | | | PENDING | | | | | CLERK | JUDGE/COMM. |
|---|---|---|---|---|---|---|---|---|---|---|
| CLOSED | Held G.J. | CONT. PAY | Show Cause | B/W | Status | Jury | Non-Jury | Sent. | Others | Updated By |

| DATE: | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN<br>JURY DEMAND WITHDRAWN<br>PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for: | In Court |
|---|---|---|---|---|---|---|
| COURT REPORTER    TAPE ☐ | COUNT(S) | Bench Warrant Ordered<br>and issued Forthwith<br>Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing<br>☐ Held          ☐ Held for G.J. Action<br>☐ Waived      ☐ No Probable Cause | ☐ Rem<br>count<br>dismis<br>sente |
| Counsel: ☐ IS PRESENT<br>☐ IS NOT PRESENT | Defendant: ☐ IS PRESENT<br>☐ IS NOT PRESENT | BOND $ _____ | ☐ CASH ____%<br>☐ SURETY | ☐ P.R. REMAINS | ☐ Change |

| Count(s) _____ | Nolle Prosequi Prosecutor: _____ | ☐ Defendant Advised of Penalties<br>for Failure to Appear. |
|---|---|---|

DC COURTS

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO              0954
CONNECTION TEL
SUBADDRESS                      96985742
CONNECTION ID
ST. TIME              12/02 15:21
USAGE T               00'14
PGS. SENT                1
RESULT                OK
```

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## CRIMINAL DIVISION

CDF

UNITED STATES
DISTRICT OF COLUMBIA

Case No. F6300-05

vs.

Daniel Simmons

PDID/DCDC No. 437-437

249691
DCDC#

## RELEASE ORDER

TO: ☑ Superintendent, D.C. Jail

☐ Superintendent, St. Elizabeths Hospital

☐ Other _____

Disposition having been entered this 2 day of _____ December _____, 20 0 5

in the above-entitled case, it is HEREBY ORDERED that the defendant be

☐ Transferred to _____

_____

☐ Released from custody. In this case only

☐ Released into the custody of _____

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### CRIMINAL DIVISION

CDF

UNITED STATES
DISTRICT OF COLUMBIA

Case No. _F6300-05_

vs.

_Daniel Simmons_

PDID/DCDC No. _437-437_
_249620_
_DCDCF_

### RELEASE ORDER

TO: ☑ Superintendent, D.C. Jail

    ☐ Superintendent, St. Elizabeths Hospital

    ☐ Other _____

Disposition having been entered this _2_ day of ____DECEMBER____, 20_05_

in the above-entitled case, it is HEREBY ORDERED that the defendant be

    ☐ Transferred to _____

_____

    ☐ Released from custody. _In this case only_

    ☐ Released into the custody of _____

_____

_____
DEPUTY CLERK

_Bruce D. Beaudin_
JUDGE/COMMISSIONER

Date _12/2/05_
_NUNC PRO TUNC: 11/10/2005_

Form CD-1053/Apr. 00

FSC

SUPERIOR COURT

OF THE

DISTRICT OF COLUMBIA

CRIMINAL DIVISION



2005 NOV 10 A 11: 47

FILED

THE _10_ DAY OF _November_ ,2_005_

THE UNITED STATES OF AMERICA          :

                                      :      CRIMINAL CASE NO. _F 6300-05_

_Daniel Simmons_                      :

 

    THE CLERK OF SAID COURT WILL ENTER A DISMISSAL IN THE ABOVE-CAPTIONED CASE, AND WILL ORDER RELEASE OR DISCHARGE OF THE ABOVE-NAMED DEFENDANT UPON THIS REQUEST BY THE UNITED STATES ATTORNEY IN AND FOR THE DISTRICT OF COLUMBIA.

 

 

                                KENNETH L. WAINSTEIN
                                United States Attorney in and
                                for the District of Columbia

 

                        By: _M. U. Tonarulli_
                                Assistant United States Attorney

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

CITY OF WASHINGTON

DISTRICT OF COLUMBIA } ss. *ODF11*

Case No. _F6300-05_

Replaces No. _-_

PDID No. _437437_

DOB _10/3/54_

## COMMITMENT PENDING DISPOSITION

TO:  SUPERINTENDENT, DISTRICT OF COLUMBIA JAIL

Receive in to your custody _Dania Simmons_,

charged with _Distribution of Cocaine_

- [ ] Pending Sentence
- [ ] Juvenile     [ ] Suicidal          [ ] Drug Addiction    ( ) Treatment Ordered
- [ ] Protective Custody Ordered          [ ] Separated From: _____
- [ ] Work Release    ( ) ORDERED        ( ) RECOMMENDED
- [ ] Medical Treatment for: _____
- [ ] Medication as prescribed by: _____
- [ ] Other Remarks: _____

BOND SET _No Bond_

Safely keep said defendant in your custody until discharged by due course of law; and for so doing, this shall be your sufficient order.

WITNESS the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this ___3___ day of ___November___, 20_05_.

_Frederick Sullivan_
Judge _Sullivan_

Clerk, Superior Court of the
District of Columbia

By _____
Deputy Clerk

White - Court Jacket        Canary - Institution

Form CD-1308/Apr. 00

*U.S. GPO: 2000-520-723/94595

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

CITY OF WASHINGTON
DISTRICT OF COLUMBIA } ss. *L22*

Case No. _F6300-05_
Replaces No. _—_
PDID No. _437-437_
DOB _10/3/1954_

## COMMITMENT PENDING DISPOSITION

TO: SUPERINTENDENT, DISTRICT OF COLUMBIA JAIL

Receive in to your custody *Daniel Simmons*
charged with *unlawful Distribution of Cocaine*,

- [ ] Pending Sentence
- [ ] Juvenile       [ ] Suicidal
- [ ] Protective Custody Ordered
- [ ] Work Release       ( ) ORDERED
- [ ] Medical Treatment for: _____
- [ ] Medication as prescribed by: _____
- [ ] Other Remarks: _____

- [ ] Drug Addiction    ( ) Treatment Ordered
- [ ] Separated From: _____
- ( ) RECOMMENDED

BOND SET _No Bond_

Safely keep said defendant in your custody until discharged by due course of law; and for so doing, this shall be your sufficient order.

WITNESS the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this _31st_ day of _October_, 20 _05_

Judge *Melendez*

Clerk, Superior Court of the
District of Columbia

By _____ Deputy Clerk

White - Court Jacket    Canary - Institution

Form CD-1308/Apr. 00

*U.S. GPO: 2000-520-723/94595

LU22
437437

03304955

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

10

United States of America

Cal. # _____

Case No. **F 6300 05**

**Daniel Simmons**

Defendant's name                Defendant's address                Defendant's phone  no.

### YOU ARE HEREBY RELEASED ON THE CONDITIONS INDICATED BELOW:
### THESE CONDITIONS WILL BE IN EFFECT UNTIL YOUR CASE IS DISPOSED OF OR UNTIL
### THEY ARE CHANGED OR AMENDED BY A JUDGE

| | | |
|---|---|---|
| ☐ | **PERSONAL PROMISE** | **PERSONAL RECOGNIZANCE.** Your personal recognizance, provided that you promise to appear at all scheduled hearings as required by the Court. |
| ☐ $ | | **UNSECURED APPEARANCE BOND.** Your personal unsecured appearance bond, to be forfeited should you fail to appear as required by the Court. |
| ☐ | **SUPERVISORY CUSTODY** | You hereby agree to be placed in the custody of ➤ _____ who agrees (a) to supervise you in accordance with the conditions below, (b) to use every effort to assure your appearance at all scheduled hearings, trials, or otherwise, and (c) to notify the D.C. Pretrial Services Agency immediately in the event you violate any condition of release or disappear.  Agency telephone - 585-7077     Custodian's name _____ Custodian's address _____ <br> ➤ _____ SIGNATURE OF CUSTODIAN     Custodian's phone no. |
| ☐ | **YOU ARE TO STAY** | ☐ away from the complaining witness. _____ name    ☐ within the D.C. area. |
| ☐ | **YOU ARE TO LIVE** | ☐ at _____ address    phone no <br> ☐ You are to verify your address with D.C. Pretrial Services in Room C-301 within 24 hours. <br> ☐ Curfew is imposed at above address from _____ P.M. to _____ A.M. |
| ☐ | **DRUGS** | Report to D.C. Pretrial Services Agency, Room C-220, for: <br> ☐ Evaluation and if positive  ☐ Program placement by PSA <br> ☐ Placement in court ordered surveillance <br> ☐ Enroll in ☐ Maintain participation at  ☐ PSA  ☐ ADASA  ☐ Other _____ <br> Refrain from illegal drug use. |
| ☐ | **YOU ARE TO REPORT TO** | ☐ D.C. Pretrial Services Agency  ☐ Weekly  ☐ Other ___  ☐ By Phone  ☐ In Person <br> ☐ Probation Officer  ☐ Weekly  ☐ Other ___  ☐ By Phone  ☐ In Person <br> ☐ Parole Officer  ☐ Weekly  ☐ Other ___  ☐ By Phone  ☐ In Person |
| ☐ | **REVIEW** | You are to report to the D.C. Pretrial Services Agency at room C-301 immediately upon release for a review of conditions |
| ☐ | **YOU ARE TO** | Refrain from committing any criminal offense, the penalties for which are explained on the reverse side of this order. |
| ☐ | **OTHER** | BID |
| ☐ | **MONEY BOND OF** $ HWOB | ☐ **CASH BOND.** Upon execution of appearance bond, to be forfeited should you fail to appear as required by the Court, secured by a deposit, such deposit *to be returned* when the Court determines you have performed the conditions of your release.  You will deposit the in registry of the Court _____ %. <br> ☐ **SURETY BOND.** Upon execution of appearance bond with approved surety. |

**NEXT DUE BACK** on **11/3 05** in Courtroom **201** at **9:00** A.M. ☐ P.M.
If you have any questions about the date, time, or location CALL THE D.C. PRETRIAL SERVICES AGENCY AT 585-7077

**YOUR ATTORNEY** _____
address _____ phone no.

**DEFENDANT'S SIGNATURE** ➤

I understand the penalties which may be imposed on me for willful failure to appear or for violation of any condition of release and agree to comply with the conditions of my release and to appear as required.

**WITNESSED BY** _____ (title or agency) **DCPSA**

**IMPORTANT:** YOU ARE TO NOTIFY IMMEDIATELY THE D.C. PRETRIAL SERVICES AGENCY, 500 INDIANA AVE. N.W., ROOM C-301 TELEPHONE NUMBER 585-7077, OF ANY CHANGE OF ADDRESS, EMPLOYMENT, OR CHANGE IN STATUS OF ANY RELEASE CONDITIONS.

Date **10/31/05**        **SO ORDERED** ➤ _____ Signature of Judge

WHITE - COURT JACKET
GREEN - D.C. PRETRIAL SERVICES AGENCY
BLUE - DEFENDANT
YELLOW - DEFENSE ATTORNEY
GOLD - CUSTODIAN
PINK - U.S. ATTORNEY

FORM CD-1293/JUN. 00

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION

### COMPLAINT

No. **F0630005**

District of Columbia ss:

| Defendant's Name: Daniel Simmons | | | 437437 | 05147419 |
|---|---|---|---|---|
| (First) | (MI) | (Last) | (PDID) | (CCNO) |

Address: **1409 W VA AVE NE, WASH DC**

On or about October 29, 2005, within the District of Columbia, Daniel Simmons did unlawfully, knowingly, and intentionally distribute a quantity of cocaine, a schedule II controlled substance. **(Unlawful Distribution of a Controlled Substance, in violation of 48 D.C. Code, Section 904.01(a)(1) (2001 ed.))**

Co-Defendants:

**Sade Stephens - (F0630105)**

Subscribed and sworn to before me this _____31_____ day of _____October, 2005_____

Affiant's Name

(Judge)  (Deputy Clerk)

### WARRANT

*To The United States Marshal or any other authorized federal officer or the Chief of Police of the District of Columbia:*
    WHEREAS the foregoing complaint and affidavit supporting the allegations thereof have been submitted, and there appearing probable cause and reasonable grounds for the issuance of an arrest warrant for _____
YOU ARE THEREFORE COMMANDED TO BRING THE DEFENDANT BEFORE SAID COURT OR OTHER PERSON ENUMERATED IN 18 U.S.C. 3041 forthwith to answer said charge.

Issued _____        _____
                                                                     Judge
                                                 Superior Court of the District of Columbia

| Sex: Male | DOB: 10/03/1954 | CCN: 05147419 | PDID: 437437 |
|---|---|---|---|
| Papering Officer: Bray R Jones | | Badge No.: 1016 | |

### OFFICER MUST EXECUTE RETURN

| Officer's Name: | Date / Time: |
|---|---|

| AUSA Signature: | Fel. I ☐ | AFTC ☐ | Domestic ☐ |
|---|---|---|---|

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

UNITED STATES

vs.

_Daniel Simmons_

The event occurred on 10/29/05 at approximately 1812hrs in the rear of 1211 Mt. Olivet Rd., NE in Washington DC.

Officers of the Fifth District Focus Mission Unit were conducting a buy/bust operation in PSA 504.  UC#3260 and UC#4205 (eyes) were sent into the 1200 block of Mt. Olivet Rd., NE to purchase crack-cocaine.  UC#3260 exited the undercover vehicle and approached D-1 and had a brief conversation over the sale of crack-cocaine.  D-1 agreed to help UC#3260 purchase crack-cocaine and at which time they walked together to the rear of 1211 Mt. Olivet Rd, where they met with D-2.  D-1 introduced D-2 to UC#3260.  D-2 and UC#3260 had a brief conversation over the sale of crack-cocaine.  A deal was reached and UC#3260 handed D-2 $20.00 in pre-recorded funds.  D-2 in return handed UC#3260 (2) clear zips containing a white rock like substance (a small portion when field tested gave a positive color reaction for cocaine base).  UC#3260 handed (1) of the clear zips which contained a white rock like substance to D-1 for his help in making the deal.

A lookout was given and the arrest team moved in.  D-1 was stopped in front of 1211 Mt. Olivet Rd., NE and D-2 was stopped along side of 1211 Mt. Olivet Rd., NE.  UC#3260 positively identified both D-1 and D-2.  D-1 was arrested and transported to 5d for processing.  D-2 was arrested and a search incident to arrest revealed from her inside left jacket pocket a clear cellophane baggy containing (19) small clear zips which contained a white rock like substance (a small portion when field tested gave a positive color reaction for cocaine base).  Recovered from D-2's right front jacket pocket was $20.00 in pre-recorded funds and an additional $27.00 which was held for civil forfeiture.  D-2 was transported to 5d for processing.

D-1 identified himself as Daniel Simmons.
D-2 identified herself as Sade Stevens.

The events and acts described above occurred primarily in the District of Columbia and were committed as described by defendant(s) listed in the case caption

Subscribed and sworn before me this   31   Day of   Oct   200 5

Police Officer                    Badge        10/6   District            Deputy Clerk



# D. C. PRETRIAL SERVICES AGENCY
## Pretrial Services Report
### United States vs. DANIEL SIMMONS

Also known as:    DANIEL SIMMONS

DOB:    10/3/1954

PDID:    437437

**File Date:** 10/31/2005

Lockup Date:    10/31/2005    Lockup #:022

Date Prepared:    10/31/2005

Date Printed:    10/31/2005

**Docket Number:**

PSA Case #: 05304955

## Charge(s)

UCSA Distribution Cocaine

## Detention Eligibility and/or Administrative Procedures

According to information available to the D.C. Pretrial Services Agency, the following applies:

§23-1322(b)(1)(A) – Defendant has been charged with a dangerous crime or a violent crime.

## Recommendations

PSA General Supervision for Superior Court (SC)

Release Conditions:

1.    Report to D.C. Pretrial Services Agency, Room C-220 for: Program placement by PSA.

Comments:

This case should be certified to the drug court calendar for further status.

Criminal History

**Last complete record check conducted on:** 10/31/2005

### Prior Conviction(s)

**File Date:** 7/12/2000

**Charge Description**

Escape from Institution

**Docket Number:** F04087-00

**Sentence Description**

Confinement: 2 Months To 6 Months / Probation: 4 Years / VVCCA: $100.00 / Revoked

**Disp Date**

8/16/2001



According to the Bureau of Prisons website, the defendant was released on 2/15/2002.

**File Date:** 6/21/2000

**Charge Description**

Escape from Institution

**Docket Number:** F03623-00

**Sentence Description**

Confinement: 2 Months To 6 Months
/ Probation: 4 Years / Revoked

**Disp Date**

8/16/2001

According to the Bureau of Prisons website, the defendant was released on 2/15/2002.

**File Date:** 9/20/1999

**Charge Description**

Unlawful Entry

**Docket Number:** F06944-99

**Sentence Description**

Confinement: 6 Months / Suspend: 6
Months / Probation: 4 Years /
Revoked

**Disp Date**

11/17/2000

According to the Bureau of Prisons website, the defendant was released on 2/15/2002.

**File Date:** 3/26/1991

**Charge Description**

UCSA Distribution Cocaine

**Docket Number:** F03385-91

**Sentence Description**

Confinement: 20 Months To 5 Years
/ Suspend: 20 Months To 5 Years /
Probation: 3 Years Supervised

**Disp Date**

11/5/1991

**Arrest Date:** 01/26/2000

**Jurisdiction:** Maryland
**City/County:** Maryland
**Source:** Law Enforcement

**Charge Description**

Theft Under $300

**Sentence Description**

Incarceration  Confinement: 73 Days

**Disp Date**

01/26/2000

**Arrest Date:** 02/10/2004


| Jurisdiction: | Maryland |
| City/County: | Montgomery County |
| Source: | NCIC |

**Charge Description**

Theft Less $500

**Sentence Description**

Incarceration Confinement: 12 Months / Suspend: 12 Months / Probation: 18 Months Supervised

**Disp Date**

02/09/2004

According to Agent Salahuddin from the Maryland Division of Parole and Probation, the defendant's probation was revoked on 6/24/05 and he is not currently under supervision.

---

**Arrest Date:** 03/01/2002

| Jurisdiction: | Maryland |
| City/County: | Montgomery |
| Source: | NCIC |

**Charge Description**

Theft $500 Plus

**Sentence Description**

Incarceration Confinement: 90 Days

**Disp Date**

04/02/2002

---

**Arrest Date:** 07/25/1992

| Jurisdiction: | Maryland |
| City/County: | Prince George's County |
| Source: | NCIC |

**Charge Description**

UUV

**Sentence Description**

Incarceration Confinement: 4 Years / Suspend: 4 Years / Probation: 18 Months Supervised

**Disp Date**

09/29/1992

---

**Arrest Date:** 07/11/1986

| Jurisdiction: | Maryland |
| City/County: | Montgomery County |
| Source: | NCIC |



| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| CDS Unlawful Possession | Probation 12 Months Supervised | 10/22/1987 |

## Personal Background

### Community Ties

**Place of Birth:** Elizabeth, New Jersey    United States

**DC Area resident for:**    5 years

**Total Time in Area:**    5 years

**Marital Status:** Single

**Children:**    Yes            **No. of Children:** 5

**Children living with Defendant:** 0

**Last Updated Date:**    10/31/2005

**Verified:** Yes            **Verified By:** Aunt(s)

**Verified Date:**    10/31/2005

**Relatives Living With Defendant:**

Aunt(s)

### Citizenship

**US Citizen:**    Yes

**Passport:**    No

**Last Updated Date:**    10/31/2005

**Verified:** Yes            **Verified By:**    Aunt(s)            **Verified Date:** 10/31/2005

### Address Information

**Current Address:**    1409 West Virginia Avenue NE Washington, District of Columbia 20002

**Lives With:** Aunt(s)

**Length at Residence:** 5 years            **Last Stayed:** 10/29/2005

**Last Updated Date:** 10/31/2005

**Verified:** Yes            **Verified By:** Aunt(s)            **Verified Date:** 10/31/2005

## Employment Information

**Employment Status:** Unemployed

**Length:** 1 year                          **Status:**

**Last Updated Date:**    10/31/2005

**Verified:** Yes          **Verified By:** Aunt(s)          **Verified Date:** 10/31/2005

## Education Information

**Education Level:** 13 years

## Health Information

No health information is available.

## Substance Abuse Information

### Self Reported:

Prior Substance use indicated.

**Last Updated Date:**    10/31/2005

### Drug Test:

Current drug use indicated.

**Prepared By: Tracey Palmer**

**Prepared Date: 10/31/2005**

22

# Superior Court of the District of Columbia

## CRIMINAL DIVISION
## SUPERIOR COURT CRIMINAL RULE 112

22

United States/District of Columbia

Vs.

Daniel Simmons

_____

Case Number

Charge(s)   DsT C

The Clerk of the Court will please enter my appearance for the defendant in the above entitled
cause this _____ 31 _____ day of _____ Oct _____ 2005

| CJA | | |
|---|---|---|
| **Attorney:** Paul A. Signet | **Unified Bar Number:** | 411947 |
| **Address:** 7910 Colorado Springs Drive Springfield, VA 22153 | **Telephone Number:** | 703-451-2826 |

DEFENDANT ELIGIBILITY RECOMMENDATION

I. NAME: _Daniel Simmons_                                                        NO. OF DEPENDENTS: _0_

LOCK-UP NO. _22_          DATE: _10-31-05_     CHARGE: _Dist.-Coc_

LIQUID ASSETS                                    _0_

OTHER ASSETS (1/4 EQUITY)        + $ _0_                    (Y)    STD. 5 AMOUNT           $

GROSS MONTHLY INCOME             + $ _0_                           STD. 4 AMOUNT        + $

TOTAL AVAILABLE MONTHLY          $ _0_                                 FEL. =   $      1,500

                                                                              MISD. =         750

                                                                              OTHER=          400

LESS: MONTHLY EXTRAORDINARY
         MEDICAL OR OTHER EXPENSES  – $ _0_

NET AVAILABLE MONTHLY   (X)                         MINIMUM
                                                   MONTHLY NEED   (Z) $

IF X IS EQUAL OR LESS THAN Y . . . . . . _0_ . . . . . . . . . . . . . . . . . . . . . . . ☑ ELIGIBLE

IF X IS MORE THAN Z . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ NOT ELIGIBLE

IF X IS MORE THAN Y BUT LESS THAN Z . . . . . . . . . . . . . . . . . . . . . . . . . ☐ ELIGIBLE WITH CONTRIBUTION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COMPLETE SECTION II ONLY IF 'ELIGIBLE WITH CONTRIBUTION' IS CHECKED ABOVE.

II. AMOUNT OF CONTRIBUTION.

☐ GROSS MONTHLY FAMILY INCOME IS MORE THAN Y
GROSS MONTHLY FAMILY INCOME                    $

LESS: MONTHLY EXTRAORDINARY EXPENSES           –

SUBTOTAL                                       $

LESS: STANDARD 5 AMOUNT  (Y)                    –

SUBTOTAL                                       $

LESS: MONTHLY PAYMENT ON CJA-RELATED LOAN       –

SUBTOTAL                                       $

AVAILABLE FOR MONTHLY CONTRIBUTION             $

TIMES (6 OR FELONIES OR 3 FOR OTHER)           x

TOTAL                                          $

ADD: LIQUID ASSETS                             +

OTHER ASSETS (1/4) EQUITY)                     +

CONTRIBUTION CAPABILITY              (CC)    $

| NOTES AND CALCULATIONS |
| --- |

_Unemployed_
_Bank $0_
_property $0_

MAX. CONTRIBUTION = ["CC" OR STANDARD 4 AMOUNT (WHICHEVER IS LESS)]

(DIVIDE MAXIMUM CONTRIBUTION BY 26 FOR FELONY CASE OR BY 13 FOR ANY OTHER CASE)

CONTRIBUTION PAYABLE WEEKLY AT $        PER WEEK FOR        WEEKS.

STD 4 AMOUNT  $

Melanie Barnes
Notary Public District of
Columbia
My Commission Expires
September 14, 2009

**WARNING:**
YOU MUST REPORT TO THE CRIMINAL JUSTICE ACT OFFICE ANY CHANGE IN FINANCIAL CIRCUMSTANCES, WHICH MIGHT AFFECT YOUR ELIGIBILITY. A FALSE OR DISHONEST ANSWER TO A QUESTION ON THIS FORM MAY BE PUNISHABLE BY FINE UP TO $1,000.00 OR IMPRISONMENT UP TO 1 YEAR, OR BOTH. D.C. CODE §1-2702.

I, the undersigned defendant, parent, or guardian, being duly sworn, depose and swear that the information which I have provided is true to the best of my belief.

DEFENDANT _Daniel Simmons_                  INTERVIEWER _Melanie H. Barnes_

                                                              NOTARY PUBLIC

DISTRIBUTION: WHITE COPY (COURT JACKET); GOLDENROD COPY (APPOINTED COUNSEL); PINK COPY (DEFENDANT COURT JACKET); GREEN COPY (CJA OFFICE)