UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Daniel Simmons, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 1:07 cv 00493 |
| : | Judge James Robertson |
| The District of Columbia, and : | |
| John Does 1-5, : | |
| : | |
| Defendants. : | |

DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

**I.   INTRODUCTION**

Defendant District of Columbia[1] (hereinafter "defendants" or "the District"), through Counsel, the Office of the Attorney General for the District of Columbia, respectfully submits this Reply to Plaintiff's Opposition to the District Motion to Dismiss the Complaint.

Plaintiff's response has done nothing to cure the legally insufficient and fatally flawed complaint.  While controlling case law does not require a plaintiff to "plead law or match facts to every element of a legal theory," *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000), a complaint must "include some factual basis for the allegation of a municipal policy or custom." *Atchison v. District of Columbia*, 73 F.3d

---

[1] Plaintiff has named the District of Columbia as a defendant and purports to sue John Does 1-5 as "agents or employees of the District of Columbia Government." Compl. ¶ 4.  John Does 1-5 have not been identified or served and no appearance has been entered on their behalf.  The instant motion should be properly construed to encompass all defendants to the extent that they are alleged to be District of Columbia employees or agents acting in their official capacities, although John Does 1-5 are not presently represented by undersigned Counsel.

418, 422 (D.C. Cir. 1996). Merely invoking the § 1983 buzzwords "custom" and "policy" are not sufficient to demonstrate an actual District practice. Furthermore, plaintiff has wholly failed to plead any violation of the plaintiff's Constitutional rights.

**A. Count I: 42 U.S.C. § 1983 Fourth Amendment Constitutional and Civil Rights Violations; Plaintiff's alleged unlawful arrest.**

Plaintiff erroneously dismisses Defendant's Exhibit "1" (a certified copy of Superior Court File F-6300-05 Daniel Simmons) as hearsay. Plaintiff argues that the sworn affidavit attesting to the facts surrounding plaintiff's arrest is excluded under Rule 803(8)(B) because it is a police report. The public record submitted by the District with the motion to dismiss is the certified copy of the plaintiff's Superior Court file. Furthermore, the document in question is not a police report, but a sworn affidavit filed with the court under penalty of perjury. Defendant's exhibit "1," and all the documents contained therein, are well within the hearsay exception contemplated by Rule 803(8) and are properly before this Court.

Plaintiff defends his arrest and the facts in the police officer's affidavit by blatantly misrepresenting the law. Plaintiff claims that probable cause to arrest a suspect for possession with intent to distribute cocaine requires that the suspect be "found in possession of or in the process of selling controlled substances." (See Plaintiff's Opposition p. 8) In fact, there are numerous cases in the District of Columbia that have upheld convictions on facts similar to those alleged in the plaintiff's arrest. *See*, *Lowman, et al. v. U.S.* 632 A.2d 88 (D.C. App. 1993) (It is unnecessary for the government to show that defendant possessed drugs to prove distribution of a controlled substance; the government need only show that the defendant aided and abetted the sale

2

of drugs); *Bedney v. U.S.*, 684 A.2d 759 (D.C. App. 1996) (Government need not establish that defendant distributed drugs herself to prove that she aided and abetted someone else in doing so); *Spencer v. U.S.*, 688 A.2d 412 (D.C. App. 1997) (While it is true that mere presence at the scene of the crime is insufficient to establish criminal participation, proof of presence at the scene of a crime plus conduct which designedly encourages or facilitates a crime will support an inference of guilty participation as an aider and abettor); *Bullock v. U.S.*, 709 A.2d 87 (D.C. App. 1998) (In order to convict defendant of aiding and abetting the possession with intent to distribute heroin, government had to prove that someone committed the offense as a principal and that defendant knowingly assisted or participated in the principal's offense).

Plaintiff's complaint merely alleges that the arresting officer acted "knowingly, intentionally, maliciously, willfully, and with deliberate indifference to the rights of plaintiff." compl. at ¶ 19  Plaintiff also alleges that the arresting officers actions were condoned by "superiors who evinced a custom of laxness or inaction which is the moving force behind the constitutional deprivations complained of herein."

The arresting officer's sworn affidavit filed with the Superior Court directly refutes plaintiff's version of events.  More importantly, plaintiff wholly fails to identify with specificity the "custom of laxness or inaction" which plaintiff claims forms the basis of Count I.

**B.  Count II:  42 U.S.C. § 1983 Fifth Amendment Constitutional and Civil Rights Violations; Plaintiff's alleged unlawful detention.**

Plaintiff bases his allegations in Count II on the erroneous claim that his detention after November 10, 2005 was the result of "deliberate indifference and gross negligence in

the management and supervision of the prison system by city officials." compl. at ¶ 25. However, plaintiff's Superior Court record clearly documents a clerical error as the cause of plaintiff's incarceration after November 10, 2005, and not the "deliberate indifference and gross negligence" of the District.

Plaintiff's Superior Court record, reflects that on November 10, 2005, the United States Attorney for the District of Columbia filed a praecipe dismissing the charges against plaintiff. A release order, based on the dismissal, was not forwarded to the D.C. Jail until December 2, 2005, at which time the jail promptly released the plaintiff. The order was signed by Superior Court Judge Bruce Beaudoin and dated "12/2/05 nunc pro tunc: 11/10/05" acknowledging the dismissal on November 10, 2005. At no time prior to December 2, 2005, did any notice regarding the dismissal of charges reach the D.C. Jail. The only cause of plaintiff's detention after November 10, 2005, was an error by a judicial clerk with the Superior Court.

In his opposition to the District's motion to dismiss, Plaintiff does not address the District's argument that the error was (1) caused by a judicial clerk and (2) that the District is shielded from liability the doctrine of judicial immunity. Instead the plaintiff argues that the Department of Corrections is nonetheless at fault for the plaintiff's detention after the charges were dropped by the US Attorney. The only basis for this argument is a newspaper article that claims that that the Department of Corrections has previously had a history of over detention litigation. Aside from the obvious hearsay issues, a newspaper article cannot form the factual basis for a pleading. Moreover, the Department of Corrections had nothing to do with the plaintiff's continued incarceration in this case. To the contrary, once the clerk

corrected his error and forwarded the dismissal notice to the Department of Corrections, the plaintiff was immediately released from custody.

The plaintiff's argument that his detention after November 10, 2005 was the result of "deliberate indifference and gross negligence in the management and supervision of the prison system by city officials." compl. at ¶ 25, has no basis in fact and is completely without merit.

### C. Count III: 42 U.S.C. § 1983 Eighth Amendment Constitutional and Civil Rights Violations; Plaintiff's alleged Cruel and Unusual Treatment.

The plaintiff concedes that the allegations in Count III were improperly pled under the *Eight Amendment* rather than the *Fifth Amendment*. Even if plaintiff had properly identified the Fifth Amendment as the basis for any constitutional violation, plaintiff has not alleged any facts that would entitle him to relief. Plaintiff has wholly failed to identify any policy or custom of the District regarding the selection of his cellmate or his alleged cavity search. Evidence of a single incident is not sufficient to show the existence of a policy or pattern. *See Parker v. District of Columbia*, 850 F.2d 708, 712 (D.C. Cir. 1988); *Byrd v. District of Columbia*, 297 F.Supp.2d 136, 139 (D.D.C. 2003) (plaintiff's evidence did not stand up to "the level of exacting proof demanded by . . . this Circuit . . . .").

In support of his allegations plaintiff again cites an article from the Washington Times as somehow constituting factual evidence. Plaintiff cannot and has not met the difficult burden established by case law. As noted previously, merely invoking the § 1983 buzzword "custom" is not sufficient to demonstrate an actual District practice. Plaintiff's count III claims under 42 U.S.C. § 1983 must be dismissed.

D.  **Count IV:  Negligence; and**
    **Count V:  Negligent Supervision, Training and Hiring**

Given plaintiff's failure to state a constitutional claim, the Court should *not* exercise supplemental jurisdiction over the local-law claim, which is the basis of plaintiff's suit. *Barwood v. District of Columbia*, 202 F.3d 290, 296 (D.C. Cir. 2000) (a federal court abuses its discretion when it exercises supplemental jurisdiction over local-law claims which "substantially predominate" over federal claims); *Grano v. Barry*, 733 F.2d 164, 169 (D.C. Cir. 1984) (Circuit dissolved injunction; "the district court should not retain jurisdiction because this case directly implicates the processes by which a locality governs itself. Appellees' remedy, if any, lies in the courts of the District of Columbia."); *cf. Women Prisoners of the District of Columbia Dept. of Corrections v. District of Columbia*, 93 F.3d 910, 921 (D.C. Cir. 1996) (district court may consider local-law claims because federal claims "were substantial enough to confer subject matter jurisdiction on the court . . . ."), *cert. denied*, 520 U.S. 1196 (1997).

Plaintiff fails to state a federal claim, and even if he had, it is not substantial enough to confer subject matter jurisdiction on the Court, because it is derived wholly from its local law claims, which directly implicate the processes by which the District governs itself. *Grano*, 733 F.2d at 169. Moreover, if this Court should dismiss the federal claims, it should dismiss the local-law claims as well. *See, e.g., United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.") (footnote omitted).

III. Conclusion

To hold the District liable under 42 U.S.C. 1983, a plaintiff must show that the District implemented or executed a policy or custom that causes the deprivation of plaintiff's constitutional rights. *Monell v. Dept. of Social Svcs*, 436 U.S. 658, 690–91 (1978); *Rogala v. District of Columbia*, 161 F.3d 44, 56 (D.C. Cir. 1998) (*per curiam*). Plaintiff thus has the burden of proving (1) that he was deprived of constitutional rights, and (2) that the deprivation was caused by a policy or custom of the District. *Warren v. District of Columbia*, 353 F.3d 36, 38 (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 123–24 (1992)). Plaintiff has not alleged (and cannot prove) these two elements for each of the counts in the complaint, thus the defendant's Motion to Dismiss the Complaint should be granted.

Respectfully submitted,

Linda Singer
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/ Ellen Efros_____
Ellen Efros (250756)
Chief, Equity I

_____/s/ Robert J. Hildum_____
Robert J. Hildum
Assistant Attorney General
441 4th Street, Northwest
6th Floor South
Washington, D.C. 20001
202-724-6642

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on July 31, 2007, copies of the foregoing Reply to Plaintiff's Opposition to Motion to Dismiss and all accompanying documents were served electronically through DC USDC eFile and sent by U.S. Mail, first-class, postage-prepaid to:

Joan Harvill, Esq.
2217 Princess Anne Street
Suite 218-1
Fredericksburg, Virginia 22401

                                                    /s/ Robert J. Hildum
                                                    ROBERT J. HILDUM