UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL SIMMONS,                             :
       Plaintiff,

v.                                          :     Case No: 1:07 cv 00493
                                                                 JUDGE JAMES ROBERTSON

DISTRICT OF COLUMBIA,                       :
JOHN DOES 1-5,
       Defendants.                         :

**PLAINTIFF'S, DANIEL SIMMONS, SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

    Plaintiff, Daniel Simmons, by and through his Attorney of Record, Joan A. Harvill, further supplements his Opposition to Defendant's Motion to Dismiss as Follows:

    1.    Defendant alleges in his Reply to Plaintiff's Opposition to his Motion to Dismiss that Plaintiff has not presented any facts to support his allegations that overdetention and unconstitutional strip searches by the Defendants constitutes a policy or custom of the District of Columbia.

    2.    Defendant alleges that newspaper articles do not constitute evidence sufficient to withstand a motion to dismiss.

POINTS AND AUTHORITIES:

    A complaint need not set forth detailed factual allegations, <u>Krieger v. Fadely</u>, 211 F.3d 134, 136 (D.C. Cir. 2000) (citing <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168 (1993).

Plaintiff's factual allegations meet the standard set forth in the foregoing cases. Thus defendant's contentions are without merit.

    The cases referenced in the newspaper article Defendant discounts show that the

1

District of Columbia had a long standing policy of permitting unconstitutional strip searches and a long history of systematically overdetaining prisoners.

In <u>Barnes v. District of Columbia</u>, (D.C. 3-26-2007) Civil Action No: 06-315 (RCL), United States District Court, D. Columbia, the court held Plaintiff had properly pled an overdetention claim by the allegation that the inefficient implementation of the District's release procedures is the result of official "acquiescence in a longstanding practice or custom which constitutes the standard operation procedure of the local government entity…Inaction giving rise to or endorsing a custom…The conduct at issue can be phrased in a variety of ways, such as "a policy of inaction (where) such inaction amounts to a failure to protect constitutional rights".

In <u>Banks v. York</u>, Civil Action No. 05-1514 (ESH) U.S. District Court, D. Columbia 9/17/2007, Plaintiff was released 39 days past the date on which he should have been released. The averment in his complaint that his over detention was due to the collapse of the Department of Corrections and the deliberate indifference by the District of Columbia which inaction violated his Constitutional Rights was held sufficient to state a claim.

In <u>Bynum v. District of Columbia</u>, Civil Action No. 02-956 (RCL), the Court certified a class of some 4,000 (Four Thousand) former prisoners of the District of Columbia's Department of Corrections who alleged they had been detained beyond the point at which their release had been ordered, for periods ranging from an extra day to many days or even months on end.

In <u>Bynum v. District of Columbia</u>, Civil Action No. 02-956 (RCL), the Court granted Plaintiff's Motion to establish a class action suit on behalf of 3,900 (Three

Thousand Nine Hundred) prisoners who over a three year period were strip searched after they should have been released from custody.

Thus it is seen that the District of Columbia Department of Corrections from 1999 to 2007 had a custom of overdetaining prisoners and strip searching them after their release date. This longstanding habit of the District of Columbia Department of Corrections in overdetaining prisoners beyond their release date and strip searching the prisoners without justification or excuse after their release date constitutes deliberate indifference to the constitutional rights of the freed persons who were unconstitutionally deprived of their liberty and strip searched after they should have been freed from custody.

Where a custom exists for a long period of time, here for at least eight years; where the municipality has had notice of the custom, here since 2002, which custom operates to deprive persons of their constitutional rights and takes no action to correct the constitutional deprivations created by the long standing custom, the municipality is liable under Title 42-1983, City of Canton v. Harris, 489 U.S. 378 (1989); City of Sacramento v. Lewis, 523 U.S. 883 (1998).

WHEREFORE, Plaintiff respectfully moves the Court for the reasons set forth herein and in the pleadings on file to deny Defendants Motion to Dismiss the Complaint.

Respectfully,

  /s/ Joan A. Harvill_____
Joan A. Harvill
D.C. Bar: 309112
Attorney for Plaintiff
1629 K. Street N.W.
Suite 300
Washington, D.C. 20006
(202) 466-6346

CERTIFICATE OF SERVICE:

I certify Plaintiff's Supplement to his Opposition to Defendant's Motion to Dismiss the Complaint was electronically filed with the Court and electronically served upon the following on October 11, 2007:

Robert J. Hildum, Assistant Attorney General and Ellen Efros, Chief Equity 1, 441 4th Street N.W., 6th Floor South, Washington, D.C. 20001.

  /s/ Joan A. Harvill

Joan A. Harvill