UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL SIMMONS<br><br>　　　　Plaintiff,<br>v.<br><br>THE DISTRICT OF COLUMBIA, and<br>John Does 1-5<br><br>　　　　Defendants. | Case No. 1:07 cv 00493<br>Judge James Robertson<br><br>JURY TRIAL DEMANDED |

**DEFENDANT, DISTRICT OF COLUMBIA'S, ANSWER TO COMPLAINT**

Pursuant to Fed.R.Civ.P. 7(a), 8(b), and 12(a) and (b), Defendant, the District of Columbia (hereinafter "Defendant" or "the District") by and through undersigned counsel, respectfully answers the Complaint and asserts affirmative defenses to the above-captioned action.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Except as hereinafter expressly admitted, qualified, or otherwise admitted, the District specifically denies each and every allegation, statement, matter and thing contained in the complaint. Defendant responds to the numbered allegations in the complaint on knowledge to itself and on information and belief as to other matters, as follows:

#### RESPONSE TO ALLEGATIONS OF JURISDICTION

1.　　Defendant admits the statutory references cited in paragraph 1 of the complaint, but denies that these references necessarily confer jurisdiction on this Court in this matter.

### RESPONSE TO ALLEGATIONS REGARDING PARTIES

2. On information and belief, the Defendant admits the allegations set forth in paragraphs 2 of this Complaint. If material, strict proof thereof is demanded at the time of trial.

3. Defendant admits only that the District of Columbia is a municipal corporation capable of being sued as provided in D.C. Code § 1-102. The remainder of Plaintiff's allegations set forth in paragraph 3 is specifically denied and if material, strict proof is demanded at time of trial.

4. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations regarding the identity or office of these unnamed defendants, and therefore, denies said allegations.

### RESPONSES TO ALLEGATIONS OF FACT

5. Admitted.

6. Denied. To the contrary, Plaintiff, Daniel Simmons ("Simmons"), was in possession of a controlled substance, crack-cocaine that was field tested positive by the Metropolitan Police Department ("MPD") officers as set forth in the attached arrest record as Exhibit "A." If material to the disposition of this cause, Defendant demands strict proof thereof at time of trial.

7. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 of the amended complaint, but if material demands strict proof at time of trial.

8. Defendant admits that the Plaintiff was arrested and incarcerated on October 29, 2005. Defendant admits that a female, identified in the arrest report as "D-2," Sade Stevens, was also arrested with Plaintiff. By way of further answer, Plaintiff was released from Defendant's custody on Case No. F. 6300-05 pursuant to judicial order issued by D.C. Superior Court Judge Beaudoin on December 2, 2005 *nunc pro tunc* to November 10, 2005, a copy of which is

attached hereto as Exhibit "B." Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegation that Sade Stevens (D-2) was not released from detention until December 3, 2005, and therefore denies same. If material, strict proof thereof is demanded at time of trial.

9. Defendant admits only that that on November 10, 2005, the United States Attorney for the District of Columbia filed a *praecipe* dismissing Case No. F. 6300-05 against Plaintiff. A release order, based on the dismissal, was not forwarded to D.C. Jail until December 2, 2005, at which time the jail promptly released the Plaintiff. The release order was signed by Superior Court Judge Bruce Beaudoin and dated "12/2/05 *nunc pro tunc*: 11/10/05" acknowledging the dismissal on November 10, 2005. At no time prior to December 2, 2005, was any notice regarding the dismissal of charges made available to Defendant at its D.C. Jail location.

10. Defendant admits only that that on November 10, 2005, the United States Attorney for the District of Columbia filed a *praecipe* dismissing Case No. F. 6300-05 against Plaintiff. A release order, based on the dismissal, was not forwarded to D.C. Jail until December 2, 2005, at which time the jail promptly released the Plaintiff. The release order was signed by Superior Court Judge Bruce Beaudoin and dated "12/2/05 *nunc pro tunc*: 11/10/05" acknowledging the dismissal on November 10, 2005. At no time prior to December 2, 2005, was any notice regarding the dismissal of charges made available to Defendant at its D.C. Jail location.

11. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 of the complaint, but if material demands strict proof at time of trial.

12. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 of the complaint, but if material demands strict proof at time of trial.

### RESPONSE TO COUNT I
### (U.S.C. TITLE 42 § 1983 FOURTH AMENDMENT CONSTITUTIONAL AND CIVIL RIGHT ALLEGATIONS)

13. Defendant repeats its responses to the allegations of paragraphs 1-12 of the complaint as if set forth at length herein.

14.-20. Denied. The allegations, averments, and legal conclusions set forth in paragraphs 14-20, as well and the *ad damnum* clause were dismissed by this Court pursuant to Order. Dkt. 18. No response by Defendant is required to these paragraphs.

### RESPONSE TO COUNT II
### (U.S.C. TITLE 42 § 1983 FIFTH AMENDMENT CONSTITUTIONAL AND CIVIL RIGHT ALLEGATIONS TO THE U.S. CONSTITUTION)

21. Defendant repeats its responses to the allegations of paragraphs 1-12 and 14-20 of the complaint as if set forth at length herein.

22. Denied. This paragraph 22 states a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof at time of trial.

23. Denied. This paragraph 23 states a conclusion of law to which no response is required. The allegations within paragraph 23 do not pertain to the answering Defendant in whole, but if material, this Defendant denies these allegations and demands strict proof at time of trial.

24. Denied. This paragraph 24 states a conclusion of law to which no response is required. The allegations within paragraph 24 do not pertain to the answering Defendant in whole, but if material, this Defendant denies these allegations and demands strict proof at time of trial.

25. Denied. This paragraph 25 states a conclusion of law to which no response is required. The allegations within paragraph 25 do not pertain to the answering Defendant in whole, but if material, this Defendant denies these allegations and demands strict proof at time of trial.

26. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations regarding the Plaintiff's alleged injuries, and therefore, denies said allegations and demands strict proof thereof at time of trial.

WHEREFORE, Defendant demands dismissal of this Count II with prejudice.

### RESPONSE TO COUNT III
### (U.S.C. TITLE 42 § 1983 EIGHTH AMENDMENT CONSTITUTIONAL AND CIVIL RIGHT ALLEGATIONS TO THE U.S. CONSTITUTION)

27. Defendant repeats its responses to the allegations of paragraphs 1-12, 14-20, and 22-26 of the complaint as if set forth at length herein.

28.-32. Denied. The allegations, averments, and legal conclusions set forth in paragraphs 28-32, as well and the *ad damnum* clause were dismissed by this Court pursuant to Order. Dkt. 18. No response by Defendant is required to these paragraphs.

### RESPONSE TO COUNT IV
### (NEGLIGENCE)

33. Defendant repeats its responses to the allegations of paragraphs 1-12, 14-20, 22-25, and 27-32 of the complaint as if set forth at length herein.

34. Denied. This paragraph 34 states a conclusion of law to which no response is required. The allegations within paragraph 34 do not pertain to the answering Defendant in whole, but if material, this Defendant denies these allegations and demands strict proof at time of trial.

35. Denied. This paragraph 35 states a conclusion of law to which no response is required. The allegations within paragraph 35 do not pertain to the answering Defendant in whole, but if material, this Defendant denies these allegations and demands strict proof at time of trial.

36. Denied. This paragraph 36 states a conclusion of law to which no response is required. The allegations within paragraph 36 do not pertain to the answering Defendant in whole, but if material, this Defendant denies these allegations and demands strict proof at time of trial.

37. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations regarding the Plaintiff's alleged injuries, and therefore, denies said allegations and demands strict proof thereof at time of trial.

WHEREFORE, Defendant demands dismissal of this Count IV with prejudice.

### RESPONSE TO COUNT V
### (NEGLIGENT SUPERVISION, TRAINING AND HIRING)

38. Defendant repeats its responses to the allegations of paragraphs 1-12, 14-20, 22-25, 27-32, and 34-37 of the complaint as if set forth at length herein.

39. Denied. This paragraph 39 states a conclusion of law to which no response is required. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations regarding the Plaintiff's alleged injuries, and therefore, denies said allegations and demands strict proof thereof at time of trial. To the extent that the allegations within paragraph 39 do not pertain to the answering Defendant; if material, this Defendant denies these allegations and demands strict proof at time of trial.

40. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's alleged injuries, and therefore, denies said allegations and demands strict proof thereof at time of trial.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses based upon its current knowledge and information.

1. Administrative out-processing of inmates may delay release until all warrants and detainers require time to clear through several national and international computer databases.

2. Delayed releases caused by computer malfunction, clerical error, or transportation delays do not rise to the level of unconstitutional deliberate indifference.

3. Defendant cannot release an inmate after 10:00 p.m. as a matter of law.

4. The actions or failure to act which give rise to the claims alleged by Plaintiff were the responsibility of or conducted by a person or party other than the District of Columbia.

5. Defendant, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

6. Defendant reserves the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

7. The actions of the Defendant and all employees, officials, servants, and agents of the District of Columbia were, at all times relevant to this action, reasonable, in good faith, and in full compliance with the law.

8. To the extent plaintiff seeks an award of unliquidated damages against the District of Columbia under local law, such award is barred for failure to meet the requirements of D.C. Code § 12-309.

9.      The local law claims are barred by the District of Columbia's discretionary function immunity.

10.     Defendant states that it asserts these affirmative defenses based upon information presently available and in order to avoid waiver. Defendant reserves the right to withdraw any of these affirmative defenses or to assert additional affirmative defenses as further information becomes available.

**WHEREFORE**, Defendant prays for a judgment dismissing the complaint with prejudice and awarding it the costs and disbursements of this action, together with attorneys' fees, and such additional relief as this court may deem just and proper.

**DEFENDANT, DISTRICT OF COLUMBIA, DEMANDS TRIAL BY JURY.**

Respectfully submitted,

PETER NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

EXHIBIT A

# METROPOLITAN POLICE DEPARTMENT
Washington, D.C.

**ARREST/PROSECUTION REPORT**
P.D. 163 Rev. 5/2002     G.O. 401.5

| Field | Value |
|---|---|
| 2. ID NUMBER (ID ONLY) | 437437 |
| 5. UNIT-ARREST NO. | 050504599 |
| 6. DEFENDANT'S NAME – LAST, FIRST, MIDDLE (At time of arrest) | Simmons, Daniel |
| 8. Arresting Officer's Name | Ritter, James |
| 9. TYPE OF RELEASE | ☒ COLLATERAL |
| 10. NICKNAME / ALIAS | n/a |
| Rank | OFC |
| Badge # | 4269 |
| Agency | 5d |
| 12. COURT DATE | 10/31/05 |
| 13. ADDRESS | 1409 W.V. Ave., NE |
| 14. TIME IN D.C. | unknown |
| 16. SEX | Male |
| 17. RACE | Black |
| 20. NEED INTERPRETER | ☒ NO |
| 21. HEIGHT | 6'2 |
| 22. WEIGHT | 225 |
| 23. HAIR | Bld |
| 24. EYES | Brn |
| 25. COMPLEX | Med |
| 27. BIRTHPLACE | Elizabeth, NJ |
| 29. IMPERSONATOR? | ☒ NO |
| 30. ETHNICITY | Afro/Amer |
| 31. CAUTION | n/a |
| 28. CO-DEFENDANTS | 1. Stevens, Sade, 1274 Simms Pl., NE 2/562/5029 |
| 32. SCARS/MARKS/TATTOOS | none |
| 33. HAT | gray knit hat |
| 34. JACKET | blue denim |
| 35. PANTS | dark blue jeans |
| 36. COAT | n/a |
| 37. SHIRT | grey |
| 38. SKIRT/DRESS | n/a |

**39. WALES/NCIC CHECK**

| CHECK MADE BY | NCIC NUMBER | WARRANT ON FILE |
|---|---|---|
| Ritter, James | 95872 | No ☒ |

| Field | Value |
|---|---|
| 40. LOCATION OF OFFENSE | 1211 Mt. Olivet Rd., NE |
| DATE OF OFFENSE | 10/29/05 |
| TIME OF OFFENSE | 1812hrs |
| 40. LOCATION OF ARREST | 1211 Mt. Olivet Rd., NE |
| DATE OF ARREST | 10/29/05 |
| TIME OF ARREST | 1820hrs |

**43. DEFENDANT ADVISED OF RIGHTS**

| DATE | TIME | LOCATION | OFFICER'S NAME | BADGE NO. | UNIT |
|---|---|---|---|---|---|
| 9/23/2005 | 1350 | 5TH DISTRICT | CAREY, KEVIN | 3415 | 5D |

**44. COMPLAINANTS / WITNESSES**

| | NAME | ADDRESS | BIRTHDATE | HOME PHONE | WORK PHONE |
|---|---|---|---|---|---|
| W-1 | Society | | | | |
| W-2 | | | | | |

| 45. SPEC. OPS | 46. TACTICS | 47. PREMISES | 48. SCHOOL ZONE / PUBLIC HOUSING |
|---|---|---|---|
| FMT5D | 9 - Buy/Bust | 2 - Alley | ☒ / ☐ |

| CHARGES | NOI OR WARRANT NUMBER | CCN | MPD DISPOS. | COLLA./BOND RECEIPT NO |
|---|---|---|---|---|
| 1. UCSA Distribution of Cocaine | | 147-419 | Lock up | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

**52. M.O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS**
Sells Cocaine

**54. CCB USE ONLY**

DISTRIBUTION: Page 1 to ID & R; Page 2 & 3 to Prosecutor; Page 4, Unit Copy; Page 5 Officer's Copy

COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK

| 55. EMPLOYMENT HISTORY *(List present employment if any, on Line 1)* | | | | | |
|---|---|---|---|---|---|
| FROM-DATE-TO | EMPLOYER | | ADDRESS | BUS. PHONE | OCCUPATION |
| 1. Present | Unemployed | | | | |
| 2. | | | | | |

| 56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES *(Begin with immediate family)* | | | | |
|---|---|---|---|---|
| RELATIONSHIP | DOB/AGE | NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
| Aunt | unk | Flannigan, Elaine | 1409 W.V. Ave., NE | 2/397/3065 |

| 57. MILITARY SERVICE: BRANCH/DATE FROM – TO | 58. TELEPHONE CALL MADE | 59. PHONE NUMBER |
|---|---|---|
| none | ☐ YES  ☒ NO  ☐ REFUSED | |

**60. STATEMENT OF FACTS:** *(Give a brief statement in your own words, of the facts surrounding the offense and the arrest. (Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. Refer to them as W1 or W2, etc as indicated in Item 31.)*

The event occurred on 10/29/05 at approximately 1812hrs in the rear of 1211 Mt. Olivet Rd., NE in Washington DC.

Officers of the Fifth District Focus Mission Unit were conducting a buy/bust operation in PSA 504. UC#3260 and UC#4205 (eyes) were sent into the 1200 block of Mt. Olivet Rd., NE to purchase crack-cocaine. UC#3260 exited the undercover vehicle and approached D-1 and had a brief conversation over the sale of crack-cocaine. D-1 agreed to help UC#3260 purchase crack-cocaine and at which time they walked together to the rear of 1211 Mt. Olivet Rd, where they met with D-2. D-1 introduced D-2 to UC#3260. D-2 and UC#3260 had a brief conversation over the sale of crack-cocaine. A deal was reached and UC#3260 handed D-2 $20.00 in pre-recorded funds. D-2 in return handed UC#3260 (2) clear zips containing a white rock like substance (a small portion when field tested gave a positive color reaction for cocaine base). UC#3260 handed (1) of the clear zips which contained a white rock like substance to D-1 for his help in making the deal.

A lookout was given and the arrest team moved in. D-1 was stopped in front of 1211 Mt. Olivet Rd., NE and D-2 was stopped along side of 1211 Mt. Olivet Rd., NE. UC#3260 positively identified both D-1 and D-2. D-1 was arrested and transported to 5d for processing. D-2 was arrested and a search incident to arrest revealed from her inside left jacket pocket a clear cellophane baggy containing (19) small clear zips which contained a white rock like substance (a small portion when field tested gave a positive color reaction for cocaine base). Recovered from D-2's right front jacket pocket was $20.00 in pre-recorded funds and an additional $27.00 which was held for civil forfeiture. D-2 was transported to 5d for processing.

D-1 identified himself as Daniel Simmons.
D-2 identified herself as Sade Stevens.

**61. DEFENDANT'S VERSION / REMARKS:** *[What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 118 for defendant's written statement.)]*

| 62. RECORD CLERK'S NAME | ARREST RECORD SUMMARY | | | | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|---|---|
| Ritter, James | | 3. | 5. | | |
| 1. | 2. | 4. | 6. | | |

**65. BAIL REFORM ACT CASES:** Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☒ no
*(If yes, include in Defendant's Version/Remarks Section above.)*

| 66. PRINTED NAME – OFFICER MAKING STATEMENT | BADGE NUMBER | RANK | 68. SIGNATURE OF REVIEWING OFFICIAL |
|---|---|---|---|
| James Ritter | 4269 | OFC | |
| 67. SIGNATURE OF OFFICER MAKING STATEMENT | UNIT | DATE | UNIT / DATE |
| | 5D | 10/29/2005 | |

EXHIBIT B

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## CRIMINAL DIVISION

CDF

UNITED STATES
DISTRICT OF COLUMBIA

Case No. F6300-05

vs.

Daniel Simmons

PDID/DCDC No. 437-437
249680
DCDC

### RELEASE ORDER

TO: ☒ Superintendent, D.C. Jail

☐ Superintendent, St. Elizabeths Hospital

☐ Other _____

Disposition having been entered this _2_ day of _December_, 20 _05_

in the above-entitled case, it is HEREBY ORDERED that the defendant be

☐ Transferred to _____

☒ Released from custody. _In this case only_

☐ Released into the custody of _____

_____
DEPUTY CLERK

_Bruce D. Beaudin_
JUDGE/~~COMMISSIONER~~

Date _12/2/05_
NUNC PRO TUNC: 11/10/2005

Form CD-1053/Apr. 00