**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————
                                       )

DANIEL SIMMONS                 )
                                         )

                 Plaintiff,        )

         v.                           )       Case No. 1:07 cv 00493
                                          )       Judge James Robertson
                                          )

THE DISTRICT OF COLUMBIA, and   )
John Does 1-5                     )
                                         )

               Defendants.      )
———————————————————————)

**THE PARTIES' RULE 16.3 REPORT**

        Pursuant to Fed. R. Civ. P. 16 and LCvR 16.3, the parties, by and through undersigned

attorneys submit the following report:

**A.**        **STATEMENT OF CLAIMS:**

        Plaintiff, Daniel Simmons, was unlawfully detained by Defendant from

November 10, 2005, when his charges were dismissed in open court, to December 3, 2005. The

D.C. Detention Center where Plaintiff was being unlawfully detained has had a long history of

over detention of inmates whose charges were dropped or otherwise dismissed.  This 23 day over

detention of Plaintiff by the D.C. Detention Center does not constitute a minor administrative

delay in out processing rather it constitutes an inefficient implementation of Defendant's release

procedures, and is the result of official acquiescence in a long standing practice or custom which

constitutes the standard operation procedure of the government entity.  It constitutes a policy of

inaction.  Such inaction results in a failure to protect Constitutional Rights.   The failure of a

government entity to maintain a sound policy and strict procedures governing the release of

inmates constitutes a non-policy which is tantamount to maintaining a policy designed to violate

constitutional rights.  The failure to maintain a sound policy manifests deliberate indifference to

the Constitutional Rights of Plaintiff and gross negligence in the management of the prison

system.

Plaintiff plans to amend Count Three of his Complaint to aver his Fourth Amendment

Right against Illegal Search and Seizure was violated when employees of the D.C. Detention

Center conducted a body cavity search upon Plaintiff after November 10, 2005. The search was

unreasonable in light of the fact Plaintiff was not involved in the altercation between the

correctional officer who had a large radio stolen by an inmate. The size of the radio was such

that it would be impossible for Plaintiff to have concealed it in a body cavity. Further Plaintiff

was not on the same level where the radio was stolen. Rather he was on a different floor

watching T.V. when the theft took place. The body cavity search was conducted maliciously,

deliberately, and with the intent to humiliate, degrade and inflict physical pain upon Plaintiff

who was being illegally detained by Defendant at the time.

Count Four: Defendant was negligent in the administration of its prison system through

its failure to release Plaintiff on November 10, 2005 when the government dismissed the

criminal charge and over detained him until December 3, 2005.

Defendant was negligent in housing Plaintiff with a convicted murderer since Pre Trial

detainees such as Plaintiff are required by statute to be housed with misdemeanants and parole

violators, D.C. Code Title 24-1202(a)(b).

Defendant's employees were negligent in conducting a body cavity search of Plaintiff.

The search was unreasonable in that Plaintiff could not have concealed the large radio in a body

cavity. The search of Plaintiff was unreasonable and unnecessary since Plaintiff was on a

different floor from where the theft had occurred and Plaintiff could not have had an opportunity

to be involved with its secretion.

Count Five: Defendant negligently hired, trained and supervised its correctional officers who breached the duty of care they owed to Plaintiff when they detained Plaintiff 23 days after the charge against him was dismissed by the government, when they illegally housed Plaintiff with a convicted murderer after the charges were dropped, and when they conducted a body cavity search after the charges were dropped for a large radio that could not possibly have been concealed in Plaintiff's body cavity.

There exists no public duty doctrine, no discretional function doctrine or immunity that would excuse Defendant from their negligent conduct in their duty to care for Plaintiff who was illegally in their custody at all times in question.

The Court may exercise supplemental jurisdiction over the state claims arising in Counts Four and Five since they are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article 111 of the U.S. Constitution. The Court has discretion to exercise jurisdiction in consideration of judicial economy, convenience and fairness to the litigants.

B.    **STATEMENT OF DEFENSES:**

Defendant, the District of Columbia, alleges that administrative out-processing of plaintiff may have resulted in minimal delays in out-processing incident to a lawful release, such as returning personal belongings, processing paperwork, and computerized checks for wants and holds. A delay for these reasons, if any, does not amount to "deliberate indifference and gross negligence in the management and supervision of the prison system by city officials." *Cf.* Compl. at ¶ 25. Thus, the District did not implement or execute a policy or custom that caused the deprivation of plaintiff's constitutional rights.

Furthermore, the doctrine of discretionary function, immunity, and the public duty doctrine bar plaintiff's claims sounding in negligence. All non-constitutional claims lack subject matter jurisdiction.

The District believes it acted in accordance with all laws, regulations, etc., and that if there are any damages, they are a result of a party or person other than the District.

**C.      AGREEMENTS OF THE PARTIES AND DISCOVERY PLAN:**

1.      Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

In light of the Court's Order dated March 27, 2008, denying in part and granting in part Defendant's Motion to Dismiss, and that summary judgment is treated elsewhere in this Rule (subsection (6)), the parties do not believe this subsection is applicable.

2.      The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

**Plaintiff's Position**

Plaintiff intends to amend the complaint within 45 days of the date that the Scheduling Order is entered.

The District agrees to permit plaintiff to amend within twenty days of the scheduling order, but not the requested 45 days requested.

**Defendant's Position**

The District plans to narrow the factual and legal issues in this case by moving this Court to consolidate this action with *Barnes v. DC,* civil action no. 06-315 (RCL) within ten days of Plaintiff's amendment of the complaint. Any remaining non-constitutional claims may be resolved by the D.C. Superior Court.

Plaintiff objects to consolidation of this case with *Barnes v. DC,* civil action no. 06-315

(RCL), and intends to opt out when opt out procedures become available.

3.      Whether the case should be assigned to a magistrate judge for all purposes,
        including trial.

**Plaintiff's Position**

The Plaintiff is amenable to the case being assigned to a magistrate judge for all

purposes, including trial.

**Defendant's Position**

Defendant does not agree that the case should be assigned to a magistrate judge for all

purposes.  However, the parties agree that a magistrate judge could be assigned to resolve any

discovery matters.

4.      Whether there is a realistic possibility of settling the case.

**Plaintiff's Position**

Plaintiff believes since an amendment is pending, the case is presently not in a posture for

settlement discussions.

**Defendant's Position**

The Defendant does not believe that settlement is a realistic possibility.

5.      Whether the case could benefit from the Court's alternative dispute resolution
        (ADR) procedures (or some other form of ADR); what related steps should be
        taken to facilitate such ADR; and whether counsel have discussed ADR and their
        response to this provision with their clients.

The parties agree that they may benefit from mediation with a mediator appointed through the

Circuit Executive Office.  Mediation should be set for 30 days after the close of fact discovery.

6.      Whether the case can be resolved by summary judgment or motion to dismiss;
        dates for filing dispositive motions and/or cross-motions, oppositions, and replies;
        and proposed dates for a decision on the motions.

The parties propose the following dates for filing of dispositive motions, oppositions and reply

motions:

| | | |
|---|---|---|
| a. | Dispositive Motion: | 45 days after the close of expert discovery |
| b. | Oppositions: | 20 days after filing of dispositive motion |
| c. | Replies: | 10 days after filing of opposition |

7.    Whether the parties should stipulate to dispense with the initial disclosures
required by Fed. R. Civ. P. 26(a)(1) and if not, what if any changes should be
made in the scope, form or timing of those disclosures.

**Plaintiff's Position**

Plaintiff does not consent to waiver of initial disclosures required by the schedule set

forth in Fed. R. Civ. Pro. 26 (a) (1).

**Defendant's Position**

Defendant requests a full waiver of initial disclosures.  To the extent that a full waiver is

not granted, defendant requests that filing Initial Disclosures should be delayed until 30 days

after defendant answers the amended complaint that plaintiff plans to file.  (See No. 2 above)

8.    The anticipated extent of discovery, how long discovery should take, what limits
should be placed on discovery; whether a protective order is appropriate; and a
date for the completion of discovery, including answers to interrogatories,
document production, requests for admissions, and depositions.

The parties submit the following discovery plan; however, there is disagreement as to the

number of interrogatories proposed to be propounded in subpart (b) below:

a.    Fact discovery, including answers to interrogatories, document production,

admissions, and depositions to be completed within 180 days after the Scheduling Conference.

b.    Plaintiff proposes the number of interrogatories be limited to 40 per side;

however, Defendant proposes the number of interrogatories be limited to 25 per side.

c.    The number of depositions to be limited to 5 per side.

d.    The duration of each deposition to be limited pursuant to LCvR 26.2(c).

6

At this time, it does not appear that a protective order is necessary.

9.   Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

The parties agree that expert witness reports and information should be exchanged and expert

discovery should occur as follows:

a.   Plaintiff's Expert Report:    45 days after the close of fact discovery

b.   Defendants' Expert Report:   75 days after the close of fact discovery

c.   Close of Expert Discovery:    105 days after the close of fact discovery

10.  In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

11.  Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation.

The parties agree that bifurcation of the trial and/or discovery is not necessary at this time.

However, the parties reserve the right to move to bifurcate the trial and/or discovery if the need

should arise.

12.  The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter.)

The parties agree that a pretrial conference should be set, if necessary, 45 days after the Court

rules upon any dispositive motion.

13.  Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after the pretrial conference.

The parties agree that the trial date should be set at the pretrial conference from 30 to 60 days

after the pretrial conference.

14.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**Plaintiff's Position**:

Plaintiff requests that the scheduling order include an order permitting plaintiff to amend the complaint within 45 days of the order.  Defendant requests that Plaintiff amend on or before 20 days after entry of the scheduling order.

**Defendant's Position**:

Defendant requests that the scheduling order permit defendant to move to consolidate this action with *Barnes v. DC,* civil action no. 06-315 (RCL) within ten (10) days after Plaintiff amends the complaint.

Plaintiff opposes consolidation of this case with *Barnes v. DC,* civil action no. 06-315 (RCL).

Respectfully submitted,

PETER NICKLES
Interim Attorney General for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
Counsel for the District of Columbia

Respectfully submitted,
    /s/
JOAN A. HARVILL

8

Attorney for Plaintiff
1629 K. Street N.W.
Suite 300
Washington, D.C. 20006
(202) 466-6346

**[CAPTION]**

## PROPOSED SCHEDULING ORDER

UPON CONSIDERATION of the Parties' LCvR 16.3 Report and the entire record

herein, it is this _____ day of _____, 2008, hereby ordered that:

1.　　Initial Disclosures_____.


2.　　Fact discovery, including answers to interrogatories, document production,

admissions, and depositions to be completed within 180 days after the Scheduling Conference.

3.　　The number of interrogatories is to be limited to _____ per side.

4.　　The number of depositions is to be limited to 5 per side.

5.　　The duration of each deposition is to be limited pursuant to LCvR 26.2(c).

6.　　Plaintiff's expert report(s) and information shall be served no later than 45 days

after the close of fact discovery.

7.　　Defendants' expert report(s) and information shall be served no later than 75 days

after the close of fact discovery.

8.　　All discovery on the parties' experts shall close 105 days after the close of fact

discovery.

9.　　All dispositive motion shall be filed no later than 45 days after the close of expert

discovery.

10.　　Memoranda of points and authorities in opposition to any dispositive motions

shall be filed no later than 20 days after filing of the dispositive motion.

11.　　Reply memoranda shall be filed no later than 10 days after filing of the

opposition(s).

12. A pretrial conference shall be set, if necessary, 45 days after the Court rules upon

any dispositive motion.

13. The trial date should be set at the pretrial conference from 30 to 60 days after the

pretrial conference.

14. Plaintiff's request to amend the complaint is _____.

15. Defendant's request to consolidate this action with *Barnes v. DC,* civil action no.

06-315 (RCL) is _____.


_____          _____
Date                                                         **ROYCE C. LAMBERTH**
                                                                 United States District Judge
                                                                 for the District of Columbia


Copies to:

DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-0431(fax)
Counsel for the District of Columbia



JOAN A. HARVILL
Attorney for Plaintiff
1629 K. Street N.W.
Suite 300
Washington, D.C. 20006
(202) 466-6346