UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DANIEL SIMMONS** | : | |
| Plaintiff | | |
| v. | : | Civil Action No. 07-493 (RCL) |
| **THE DISTRICT OF COLUMBIA,** | : | |
| **AND JOHN DOES 1-5,** | | |
| Defendants | : | |

**PLAINTIFF'S, DANIEL SIMMONS, MOTION TO AMEND THE COMPLAINT**

Plaintiff, Daniel Simmons, through his Attorney of Record, Joan A. Harvill, respectfully moves the Court for leave to Amend the Complaint and as grounds therefore avers the following:

CERTIFICATE OF COUNSEL

I certify a telephone conference was held with Defendant's Counsel who does not oppose the filing of a Motion to Amend the Complaint.

                                                                                      /s/                .
                                                                                     Joan A. Harvill

FACTS:

       1.       On March 15, 2007 Plaintiff filed a five Count Complaint. Count One, violation of Plaintiff's Fourth Amendment Right to be free of illegal search and seizure connected to the arrest of Plaintiff on a charge of sale of a controlled substance. Count Two, violation of Plaintiff's Fifth Amendment Right to Due Process of law which arose when Defendant over detained Plaintiff for 23 days after the criminal charges were dropped in open court by the government. Count Three, violation of Plaintiff's Constitutional Right to be free of cruel and unusual punishment arising under the Eighth Amendment to the U.S. Constitution which arose when Plaintiff was subjected to a body

cavity search while illegally detained and housed with a convicted murderer. Count Four,

Sounding in Negligence arising from the over detention of Plaintiff for 23 days after the criminal charges were dismissed, housing Plaintiff with a convicted murdered while he was over detained, conducting a body cavity search during the period of over detention. Count Five, sounding in Negligent Supervision, Training and Hiring of correctional officers and their supervisors which negligence gave rise to the over detention of Plaintiff, housing him with a convicted murderer and conducting a body cavity search.

     2.     Defendant filed a Motion to Dismiss the Complaint which was granted in part and denied in part on March 27, 2008.

     3.     Count One of the Complaint was dismissed. Dismissal of Count Two was denied. Count Three was dismissed upon the grounds a pretrial detainee who alleges claims for cruel and unusual punishment arising from a body cavity search during over detention, must bring those claims under the Fourth Amendment rather than the Eighth Amendment. The claim of cruel and unusual punishment for housing Plaintiff with a convicted murderer was dismissed on the grounds Plaintiff had not alleged the housing was punitive or that he had complained to prison authorities regarding being housed with a convicted murderer. Counts Four and Five of the Complaint are common law Negligence Claims which the Court stayed pending further proceedings in *Barnes*.

     4.     Plaintiff intends to Amend Count Three of his Complaint to allege the body cavity search conducted during the over detention period was unreasonable and violated his Fourth Amendment Right under the U.S. Constitution to be free of illegal search and seizure.

POINTS AND AUTHORITIES:

    Federal Rules of Civil Procedure, Rule 15(a)(2) provides in relevant part:

    " a party may amend its pleading…with the court's leave.  The court should freely give leave when justice so requires."

See, e.g., Davis v. Liberty Mutual Insurance Co., 871 F. 2d 1134, 1136-37 (D.C. Cir. 1989) where the court teaches, "It is common ground that Rule 15 embodies a generally favorable policy toward amendments."

    In Foman v. Davis 371 U.S. 178, 182 (1962), the Court opined " The presumption runs in the plaintiff's favor that he may amend his complaint" "(in the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the (plaintiff), repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.," Id., Psychiatric Institute v. Connecticut General, 780 F. Supp. 24 (D.C. 1992);  Price v. College Park Honda, United States District Court, D. Columbia, (Civil Action No. 05-0624 (PLF) March 31, 2006.

    In this pending case, Plaintiff moves to file his first amended complaint.  The Defendant does not oppose the motion.  The Defendant will not be prejudiced by the Motion.  Nor has Plaintiff engaged in undue delay, or bad faith  in seeking to amend his Complaint.  In keeping with the dictates of Rule 15 that leave to amend be freely granted, where justice so requires, Plaintiff respectfully moves the court to grant this motion.

                                                Respectfully submitted,

                                                       /ss/

                                                Joan A. Harvill D.C. Bar: 309112
Attorney for Plaintiff
1629 K. Street N.W.
Suite 300
Washington, D.C. 20006
Tele: (202) 466-6346
Fax:  (202) 331-3759
E-mail:  Joan Harvill@Gmail.com

CERTIFICATE OF SERVICE:

      I certify Plaintiff's Motion to Amend the Complaint with the proposed Amendment were electronically filed with the Court and electronically served upon the following on May 6, 2008:

Denise J. Baker, Assistant Attorney General, 441 4th Street N.W., Suite 6SO79, Washington, D.C. 20001.

                                                       /ss/
                                               Joan A. Harvill

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL SIMMONS,                                  :
       Plaintiff,

v.                                               :           Civil Action No: 07-493 (RCL)

THE DISTRICT OF COLUMBIA,                        :
AND JOHN DOES 1-5,
       Defendants                                :

**PLAINTIFF'S, DANIEL SIMMONS, FIRST AMENDMENT TO THE COMPLAINT**

Pursuant to the Court's March 27, 2008 Order dismissing Counts One and Three of the Complaint, Plaintiff, Daniel Simmons, hereby Amends his Complaint as follows: For the record by amending his Complaint, Daniel Simmons does not waive his objections to the Court's dismissal of Counts One and Three of the original Complaint.

**JURISDICTION:**

    1.    This Court has jurisdiction pursuant to U.S.C. Title 28-1331 and U.S.C. Title 42-1983.

**PARTIES:**

    2.    Plaintiff, Daniel Simmons, is a resident of the District of Columbia and a Citizen of the United States.

    3.    Defendant, District of Columbia Government, is a governmental entity capable of suing and being sued.

    4.    Defendants, John Does 1-5, were at all times relevant hereto agents, officials, or employees of the District of Columbia Government. Said Defendants at all times in question were engaged in their employment and acting in the course and scope of their employment and were furthering the business interests of their employer,

1

Defendant, D.C. Government. Said Defendants at all times in question were acting under color of state law.

**FACTS:**

5.      On October 29, 2005, Plaintiff, Daniel Simmons, was arrested and charged with unlawful distribution of a controlled substance in case number F 6300-05.

6.      On November 10, 2005, the felony charge against Plaintiff, Daniel Simmons, was dropped and the U.S. Attorney for the District of Columbia assigned to the case entered a formal dismissal of the charges with the D.C. Superior Court.

7.      Although the charges were dismissed against Plaintiff, Daniel Simmons, on November 10, 2005, and he was no longer legally detained after that date, he was not released by jail officials until December 3, 2005.

8.      During that period when Daniel Simmons was being illegally detained after the criminal charge was dismissed on November 10, 2005, Plaintiff, Daniel Simmons, was subjected to a body cavity search ordered and/or conducted by Defendants, John Does 1-5, who were searching for a correction officer's large sized missing radio which was the size of a walkie talkie, and could not have been hidden in any body cavity of Plaintiff. Additionally Plaintiff was housed on a different floor from where the correction officer's radio was taken by another inmate, and had no opportunity to secrete the missing radio.

9.      After the criminal charge had been dismissed on November 10, 2005, Plaintiff, Daniel Simmons, was, in violation of statute, housed in a cell with a convicted murderer who acted in a threatening manner towards Plaintiff. Plaintiff, Daniel Simmons, had been charged with a non violent crime and should not have been forced to

2

share a cell with a convicted murderer.  Said Housing was in violation of statute.

## COUNT ONE
## U.S.C. TITLE 42-1983 VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHT UNDER THE U.S. CONSTITUTION

10.   Plaintiff, Daniel Simmons, incorporates herein and makes a part hereof paragraphs 1-9, supra.

11.   Plaintiff, Daniel Simmons, was deprived of his Fifth Amendment Right under the U.S. Constitution to not be deprived of life, liberty or property without due process of law when he was illegally detained by Defendants from November 10, 2005 to December 3, 2005.

12.   The Defendants in failing to release Plaintiff, Daniel Simmons on November 10, 2005 when the criminal charge was dismissed were acting under color of law of the District of Columbia and/or of federal statute, and/or under their authority as correction officers and officials for the D.C. Detention Facility.

13.   The actions of Defendants and each of them were deliberate, willful, intentional, malicious and done with gross negligence and a great indifference to the constitutional rights of Plaintiff, Daniel Simmons.

14.   The actions of the Defendants in continuing to detain Plaintiff, Daniel Simmons, after November 10, 2005 are commensurate with a long standing policy and/or custom of the Defendant, D.C. Government and its agents and employees of deliberate indifference and gross negligence in the management and supervision of the prison system by city officials.  Said actions or failure to act of Defendants constitutes an inefficient implementation of Defendant's release procedures, and is the result of official acquiescence in a custom which constitutes the standard operation procedure of the D.C.

Detention Center. It is tantamount to a policy of inaction which resulted in a failure to protect the Constitutional Rights of Plaintiff.

15. In consequence of the actions or failure to act of Defendants, Plaintiff, Daniel Simmons, sustained mental and emotional distress, deprivation of his freedom, degradations and indignities, lost earnings, and loss of time from his ordinary business activities.

WHEREFORE, Plaintiff, Daniel Simmons, demands Judgment, compensatory damages in the sum of $100,000.00 and punitive damages in the sum of $300,000.00, Attorneys fees, costs of suit, and such other and further relief as the court deems just and fair.

## COUNT TWO
### U.S.C. TITLE 42-1983 CIVIL AND CONSTITUTIONAL RIGHTS VIOLATION OF THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION

16. Plaintiff incorporates herein and makes a part hereof paragraphs 1-15, supra.

17. Plaintiff, Daniel Simmons was deprived of his Fourth Amendment Right under the U.S. Constitution to be free of illegal search and seizure when he was subjected to a body cavity search ordered and/or conducted by Defendants, John Does 1-5, subsequent to November 10, 2005.

18. At all times in question the Defendants and each of them were acting under color of law of the District of Columbia in their official capacity as D.C. Correction Officers, and/or as government employees, agents or officials of the D.C. Detention Facility, and/or the D.C. Government.

19. Between November 10, 2005 and December 2, 2005, Plaintiff, Daniel

Simmons, was subjected to an unreasonable body cavity search when there existed no reasonable suspicion he was involved in the altercation and theft of a correctional officer's large radio.  A theft that occurred in a part of the D.C. Detention Center separate and apart from where Plaintiff, Daniel Simmons, was housed.  Further the radio, the size of a walkie talkie, was too large to be secreted in any body cavity of Daniel Simmons.  Due to the size of the stolen radio, there could have existed no reasonable suspicion that Daniel Simmons had hidden the radio in a body cavity.

20. This random body cavity search conducted at the complete discretion of prison officials and guards without a reasonable individual suspicion that Plaintiff was concealing contraband, the large radio, is inconsistent with Plaintiff's Fourth Amendment Constitutional right to be free of illegal search and seizure.

21. The Defendant, the District of Columbia, has evinced a long standing policy or custom of conducting random and/or blanket strip and body cavity searches of inmates without a reasonable suspicion the inmate is concealing weapons or contraband and where the inmate has had no opportunity to do so.  Said policy constitutes an inefficient implementation of Defendant's strip and body cavity search procedures, and is the result of official acquiescence in a custom or practice which constitutes the standard operation procedure of the D.C. Detention facility.  It is tantamount to a policy of inaction or a non-policy which constitutes maintaining a policy designed to violate Constitutional Rights.

22. The actions of Defendants and each of them was deliberate, intentional, willful, malicious, done with gross negligence, deliberate indifference with the intent to humiliate, degrade, denigrate and inflict physical pain on the Plaintiff without regard to

the rights, welfare and safety of Plaintiff, Daniel Simmons, who was being illegally detained at the time of the search.

23. In consequence of the actions and/or failure to act of Defendants, Plaintiff was subjected to great fear of imminent bodily harm, sustained severe mental and emotional distress, was humiliated, degraded, denigrated, and suffered physical pain and discomfort.

WHEREFORE, Plaintiff, Daniel Simmons, demands Judgment in his favor, compensatory damages in the sum of $150,000.00, Punitive damages in the sum of $450,000.00, Attorneys Fees, costs of suit, and such other and further relief that the court deems just and fair.

## COUNT THREE
## NEGLIGENCE

24. Plaintiff, Daniel Simmons, incorporates herein by reference and makes a part hereof Paragraphs 1-23, supra.

25. Defendants were negligent in their failure to expeditiously perform those administrative steps on or about November 10, 2005 once the criminal charges against Plaintiff, Daniel Simmons, were dismissed to ascertain his correct status within the jail population and effectuate his release.

26. Said Defendants owed a duty of care to Plaintiff and breached that duty when they failed to release Plaintiff from the D.C. Detention Center. Plaintiff sustained damages due to the negligence of the Defendants which were proximately caused by said Defendant's negligence.

27. The Defendants and each of them were negligent in housing Plaintiff, Daniel Simmons, a pretrial detainee with a convicted murderer. The aforesaid Housing

6

arrangement was in violation of governing statute.

28. Said Defendants owed a duty of care to Plaintiff to maintain him in a safe place and breached that duty when housing Plaintiff with a convicted murderer. Plaintiff was subjected to daily threats from the convicted murderer, and suffered great fear for his own safety while he was being illegally detained by Defendants. The damages sustained by Plaintiff were proximately caused by the negligence of said Defendants.

29. The Defendants were negligent in conducting an unreasonable body cavity search of Plaintiff looking for a correctional officer's large radio which obviously could not be secreted by Plaintiff in any body part. Defendants were negligent two fold in that Plaintiff was housed separate and apart on a different floor level from the area where the altercation and theft occurred, and Plaintiff had no opportunity and physically could not have been involved in the events that prompted the search.

30. Defendants owed a duty of care to Plaintiff which they breached. Said actions were the proximate cause of the damages sustained by Plaintiff, Daniel Simmons.

31. In consequence of the negligent actions of Defendants and each of them, Plaintiff sustained great fear for his own safety, mental and emotional distress, physical pain, humiliation, embarrassment, degradation, loss of his liberty , lost wages, loss of the ability to conduct his ordinary business affairs.

WHEREFORE, Plaintiff, Daniel Simmons, demands Judgment in his favor, compensatory damages in the sum of $300,000.00 and such other and further relief as the court deems just and fair.

## COUNT FOUR
## NEGLIGENT SUPERVISON, TRAINING AND HIRING

32. Plaintiff, Daniel Simmons, incorporates by reference and makes a part

hereof paragraphs 1-31, supra.

33. Defendant, District of Columbia, acting through its officials, supervisors, agents and employees negligently supervised, trained and hired the John Doe Defendants 1-5.

34. Defendant, D.C. Government, owed a duty of care to persons in the position of Plaintiff to properly supervise, hire and train its employees, agents supervisors and officials which duty was breached when due to Defendant's, D.C. Government's failure to have a viable policy governing these issues, Plaintiffs was illegally detained beginning November 10, 2005 to December 3, 2005; was housed with a convicted murderer in violation of D.C. Code during that illegal detention and was subjected to an "unreasonable" body cavity search while illegally detained.

35. The damages sustained by Plaintiff, Daniel Simmons, were proximately caused by the negligent supervision, training and hiring by Defendant, D.C. Government, of its employees, agents, supervisors and officials.

36. In consequence of the negligence of Defendant, D.C. Government, Plaintiff, Daniel Simmons, was deprived of his liberty from November 10, 2005 to December 3, 2005, lost wages, lost time from his ordinary business pursuits, sustained mental and emotional distress, fear for his safety and well being, was humiliated, embarrassed, degraded, and sustained physical pain and discomfort.

WHEREFORE, Plaintiff, Daniel Simmons, demands Judgment in his favor, Compensatory damages in the sum of $300,000.00 and such other and further relief that the court deems just and fair.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

   /ss/                            .
Joan A. Harvill D.C. Bar No: 309112
Attorney for Plaintiff
1629 K. Street N.W.
Suite 300
Washington, D.C. 20006
Tele: (202) 466-6346
Fax:  (202) 331-3759
E-mail: Joan Harvill@Gmail.com

CERTIFICATE OF SERVICE:

I certify a copy of the Plaintiff's First Amendment to the Complaint was electronically filed with the Court and electronically served upon the following on May 6, 2008:

Denise J. Baker, Assistant Attorney General, 441 4th Street N.W., Suite 6SO79, Washington, D.C. 20001.

   /ss/                     .
Joan A. Harvill

9