**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DANIEL SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:07 cv 00493 (RCL) |
| ) | |
| THE DISTRICT OF COLUMBIA, and ) | |
| John Does 1-5, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT, THE DISTRICT OF COLUMBIA'S, MOTION TO CONSOLIDATE**
**WITH RELATED CLASS ACTION**

Pursuant to Fed. R. Civ. P. 42 (a), and for the reasons set forth in the accompanying memorandum of points and authorities, Defendant, the District of Columbia (hereinafter "the District"), by and through undersigned counsel, moves this Court for an order consolidating the above-captioned matter with a pending certified class action. Plaintiff's claims are similar, if not identical, to those alleged in *Carl A. Barnes, et al., v. District of Columbia,* Civil Action No. 06-315 (RCL), which has been certified as a class of overdetained prisoners. ---F.R.D.---, 2007 WL 896282 (D.D.C. March 26, 2007).

Pursuant to LCvR 7(m), undersigned counsel contacted plaintiffs' counsel by email and telephone to obtain consent for the relief sought. Plaintiffs' counsel does not consent to the relief sought.

A proposed order is attached for this Court's convenience.

                              Respectfully submitted:

                              PETER NICKLES
                              Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity Section I

/s/ Denise J. Baker
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)
Denise.baker@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DANIEL SIMMONS ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:07 cv 00493 (RCL) |
| ) | |
| THE DISTRICT OF COLUMBIA, and ) | |
| John Does 1-5 ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT, DISTRICT OF COLUMBIA'S, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE WITH PENDING CLASS ACTION**

Pursuant to Fed. R. Civ. P. 42(a), Defendant, the District of Columbia (hereinafter "the District"), by and through undersigned counsel, moves this Court for an order consolidating the above-captioned action with a pending certified class action, and in support thereof avers:

**I.    BACKGROUND**

Plaintiff, in the above captioned action, alleges that he was overdetained in the D.C. Jail, based upon the District's alleged practice of allowing jail inmates to stay past their term of incarceration. Plaintiff's claims are similar, if not identical, to those alleged in *Carl A. Barnes, et al., v. District of Columbia,* Civil Action No. 06-315 (RCL), which has been certified as a class of overdetained prisoners. ---F.R.D.---, 2007 WL 896282 (D.D.C. March 26, 2007). Both actions are based on the same factual allegations and legal theories.

**II.    LEGAL ARGUMENT**

Under Rule 42(a) of the Federal Rules of Civil Procedure, the court may consolidate separately filed cases when the cases involve a common question of law or fact. *See* Fed. R. Civ.

P. 42(a). Although it is sufficient for purposes of Rule 42(a) if the actions involve only *one* common question of law *or* fact, the *Barnes* and *Simmons* actions involve a *multitude* of common questions of both law *and* fact. Those common questions are not peripheral issues; they go to the very heart of these two actions. The common questions of law and fact include, but certainly are not limited to those stated by this Court in its Memorandum Opinion in *Simmons*, to wit:

> The allegations in this case are similar, if not identical, to the claims made in two class action lawsuits previously before this Court, *Bynum v. District of Columbia*, Civil Action No. 02- 956 (RCL) and *Barnes v. District of Columbia*, Civil Action No. 06-315 (RCL). In those cases and in this one, plaintiffs alleged that they had been detained by the District of Columbia's Department of Corrections ("DOC") beyond the point at which their release had been ordered. Plaintiffs in the prior two suits further alleged that they were subjected to strip searches during the period of their overdetention. In the instant matter, plaintiff claims, *inter alia*, that he was subjected to a body cavity strip search during the weeks after charges against him were dropped.

(Memorandum Opinion [Dkt. 18], March 24, 2008, page 1). Indeed, the *Barnes* and *Simmons'* actions are so nearly identical that the common legal and factual issues overwhelm any minor issues that are not common to both cases. *See Allen* v. *McEntee*, Nos. 92-0776, 92-2151, 1993 WL 121,513, at *3 (D.D.C. Apr. 5, 1993) ("The near identity of the complaints in these two actions provides ample basis for consolidation.").

This Court should exercise its discretion to consolidate these actions because such consolidation will serve the interests of justice. *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2383 (2d ed. 1995). Among other things, consolidation will produce significant savings of time and resources for the Court and the parties. In contrast, having virtually identical cases proceed in a parallel fashion would generate needless duplication of effort.

Consolidation will achieve substantial efficiencies and savings without sacrificing fairness. These cases are at nearly the same point in the pretrial process. *Simmons* has yet to file an amended complaint; *Barnes* is in pretrial informal discovery. As a result, consolidation will not cause the trial of one action to be delayed while discovery is completed in the other action, as is sometimes the case.

### III.  CONCLUSION

For the foregoing reasons of fact and law, the District of Columbia requests that this Court enter an order consolidating *Daniel Simmons v. The District of Columbia, et al.*, Civil Action 07-00493, with *Carl A. Barnes, et al., v. District of Columbia,* Civil Action No. 06-315 (RCL).

Respectfully submitted:

PETER NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity Section I

/s/ Denise J. Baker
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)
Denise.baker@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DANIEL SIMMONS | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) ) | Case No. 1:07 cv 00493 (RCL) |
| THE DISTRICT OF COLUMBIA, and John Does 1-5 | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Before the court is the motion to consolidate filed by the Defendant, District of Columbia, in the above-captioned civil action, *Daniel Simmons v. The District of Columbia, et al.*, Civil Action 07-00493. Defendant moves for consolidation of this case with another case *Carl A. Barnes, et al., v. District of Columbia,* Civil Action No. 06-315 (RCL), which has been certified by this Court as a class of overdetained prisoners.  ---F.R.D.---, 2007 WL 896282 (D.D.C. March 26, 2007).

Under Rule 42(a) of the Federal Rules of Civil Procedure, the court may consolidate separately filed cases when the cases involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a). The Court enjoys broad discretion when deciding whether to grant a motion to consolidate.

Upon careful consideration of defendant's motion to consolidate, the plaintiff's response, and the entire record, the Court, having determined that these cases involve the same or similar legal issues, concludes that consolidation of the above-captioned cases is appropriate. Accordingly, it is this _____ day of _____, 2008, hereby

**ORDERED** that defendant's motion to consolidate is **GRANTED**; and it is further

**ORDERED** that the matters of *Daniel Simmons v. The District of Columbia*, *et al.*, Civil Action 07-00493 and *Carl A. Barnes, et al., v. District of Columbia,* Civil Action No. 06-315 (RCL) are hereby **CONSOLIDATED**; and it is further

**ORDERED** that all further pleadings and other matters related to the consolidated cases be file in *Carl A. Barnes, et al., v. District of Columbia,* Civil Action No. 06-315 (RCL).

_____
ROYCE C. LAMBERTH
Judge, United States District Court for the
District of Columbia

Copies to:

Denise J. Baker, Esquire
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)

Joan A. Harvill
Attorney for Plaintiff
1629 K. Street N.W.
Suite 300
Washington, D.C. 20006