**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**DANIEL SIMMONS,**                               :
      **Plaintiff,**

**v.**                               : **Case No:  1:07 cv 00493**

**DISTRICT OF COLUMBIA**                               :
**And JOHN DOES 1-5,**
      **Defendants.**                               :

**PLAINTIFF'S OPPOSING POINTS AND AUTHORITIES TO DEFENDANT'S**
**MOTION TO CONSOLIDATE WITH RELATED CLASS ACTION**

Plaintiff, Daniel Simmons, by and through his Attorney of Record, Joan A.

Harvill, respectfully moves this Honorable Court to deny Defendant's Motion to

Consolidate this pending case with Related Class Action and as grounds therefore

avers the following:

1.    There exist some similarities between this pending case and a class action

suit presently before the court, *Carl A. Barnes, et al., v. District of Columbia,* Civil

Action No. 06-315 (RCL), which has been certified as a class of overdetained prisoners --

-F.R.D. ---, 2007 WL 896282 (D.D.C. March 26, 2007).

In *Carl A. Barnes, et al., v. District of Columbia*, supra, the Plaintiffs have

asserted only  two claims.  These are overdetention and a strip search upon return to the

D.C. Detention Center immediately after the court released them from criminal charges.

In this pending case, Plaintiff has alleged he was overdetained.  However,

Plaintiff in this case had not been to court and then strip searched upon his return as in

*Barnes.*  Some weeks after the charges had been dismissed Plaintiff was subjected to an

unreasonable strip search when correctional officers were looking for a large radio that

had been misappropriated by an inmate not housed near where Plaintiff was housed.

1

Since Plaintiff was not strip searched upon his return from court, the facts he must prove at trial are decidedly different from those the class action plaintiffs must prove. In this pending case, Plaintiff, Daniel Simmons, must prove the search was unreasonable.

According to this Court's Order dated March 27, 2008 Plaintiff's, Daniel Simmons, overdetention claim "does not meet the criteria for membership in the *Barnes Strip Search Class.*"

Additionally Plaintiff's initial Complaint and his pending Motion to Amend his Complaint with proposed Amended Complaint attached filed on May 6, 2008 avers additional causes of action which are not contained in the class action suit that Defendant seeks to have Plaintiff's complaint consolidated with. These are:

A.      In Plaintiff's proposed Amended Complaint in Count Three Plaintiff alleges Negligence. This claim is not part of the *Barnes Strip Search Class.*

B.      In Plaintiff's proposed Amended Complaint in Count Four, Plaintiff alleges Negligent Supervision, Training and Hiring. Again this claim is not part of the *Barnes Strip Search Class.* In Count Three and Four of Plaintiff's proposed Amended Complaint the proofs required at trial are distinctly different from those required in the *Barnes Strip Search Class.*

POINTS AND AUTHORITIES:

F.R.C.P., Rule 42 ( a) permits the Court to consolidate claims where the cases involve common questions of law or fact. Plaintiff's pending amended Complaint and the *Barnes Strip Search Class* do not involve common questions of law and fact sufficient to warrant consolidation.

F.R.C.P. 42 ( a ) "is permissive and vests a purely discretionary power in the

district court." *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 ( 5th Cir. 1977). *See also* 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Section 2838 at 439-40 (1994) (although consolidation under Rule 42 ( a ) may be warranted because of a common issue of law or fact, it is not required).

In determining whether consolidation of cases is appropriate, the court must "weigh considerations of convenience and economy against considerations of confusion and prejudice." *Scarborough v. National Association of Surety Bond Producers*, 474 F. Supp. 2d 64 (D.C. 2007).

In its Memorandum Opinion of March 28, 2008 this Court has already determined this pending case does not meet the criteria needed to consolidate it with the *Barnes Strip Search Class.* That Decision constitutes the Law of the Case and should not be disturbed.

WHEREFORE, for the reasons set forth herein and the pleadings on file, Plaintiff, Daniel Simmons, respectfully requests the Defendant's Motion be denied.

Respectfully submitted,

  /s/   Joan A. Harvill
  Joan A. Harvill
Attorney for Plaintiff
D.C. Bar No: 309112
1629 K. Street N.W.
Suite 300
Washington, D.C. 20006
Tele:   (202) 466-6346
Fax:     (202) 331-3759
E-mail:  Abogadaxyz@aol.com

CERTIFICATE OF SERVICE:

I certify Plaintiff's Opposing Points and Authorities to Defendant's Motion to Consolidate was electronically filed with the Court and electronically served upon the following on July 23, 2008:

Denise J. Baker, Assistant Attorney General, 441 4th Street N.W., 6th Floor South, Washington, D.C. 20001.

     /s/   Joan A. Harvill
Joan A. Harvill