UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DANIEL SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:07 cv 00493 (RCL) |
| ) | |
| THE DISTRICT OF COLUMBIA, and ) | |
| John Does 1-5, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT, THE DISTRICT OF COLUMBIA'S, REPLY TO OPPOSITION TO MOTION TO CONSOLIDATE WITH RELATED CLASS ACTION**

**I.   LEGAL ARGUMENT**

Plaintiff opposes the District's motion to consolidate with the *Barnes v. District of Columbia*, Civil Action No. 06-315 (RCL), class action on the following bases: (1) "some similarities between this pending case and a class action suit" exists (Plaintiff's Opp. Mot Consolidate, page 1); (2) the strip search claims are different (*id.* at page 2); and, (3) a yet to be filed proposed Amended Complaint will allege common law negligence claims, which will not be subsumed in the *Barnes* class action. (*Id.*).

The District replies to plaintiffs' contention with both factual and legal reasons that consolidation is appropriate. Factually, the operative facts underpinning the above-captioned claims are that plaintiff was released late from jail.[1] Legally, Rule 42 (a) of the Federal Rules of

---

[1] The *Barnes* Overdetention Class is defined as follows:

> Each person who has been, is, or in the future will be incarcerated in any District of Columbia Department of Corrections facility from September 1, 2005 forward; and who was not released, or, in the future, will not be released by midnight on the date on which the person is

Civil Procedure argues in favor of consolidating claims involving common questions of fact. Fed. R. Civ. Pro. 42 (a). Additionally, this Court decided in this case that plaintiff, Simmons, is a member of the *Barnes* Overdetention Class. Memorandum and Order, page 6, March 27, 2008 (hereinafter the "Simmons' Order").

This very Court ordered that Simmons' overdetention claim be stayed pending further proceedings in *Barnes*. *Id*. This Court reasoned that the lack of an opt out procedure permitting plaintiff to decline class membership also forestalled Simmons' overdetention claim. *Id*. at pages 5-6. Additionally, this Court stayed Simmons' common law negligence claims, to the extent that they are connected to Simmons' *Barnes* related overdetention claims, pending further proceedings in *Barnes*. *Id*. at page 10.

In *Barnes*, this Court granted class certification for plaintiffs who alleged that they had been detained by the District of Columbia's Department of Corrections ("DOC") beyond the point at which their release had been ordered. *See Barnes v. District of Columbia*, 242 F.R.D. 113, 120 (D.D.C. 2007).

Simmons differs from *Barnes* only to the extent that the *Barnes* plaintiffs also alleged that they were subjected to strip searches during the period of their overdetention. *Barnes*, 242 F.R.D. at 121. However, *Barnes* is a hybrid class, which will be handled separately should the action go to trial, to the extent that there is a distinction between the Fed. R. Civ. Pro. Rule 23 (b) (2) class with respect to claims for injunctive and declaratory relief, and a (b) (3) class with respect to claims for money damages. *See Barnes* F.R.D. at 12; Simmons Order fn. 3, page 6.

---

      entitled to be released by court order or the date on which the basis for his or her detention has otherwise expired.

*Barnes*, 242 F.R.D. 113, 120 (D.D.C. 2007).

Factually, not all *Barnes* plaintiffs were subject to strip searches. Those who were allegedly overdetained by virtue of sentence expiration were not strip searched. Thus, there are *Barnes* plaintiffs whose claims are limited to the single issue regarding their detention beyond their release date.

There is unnecessary duplication of effort with respect to discovery for the District, and this Court's judicial administration and economy. Each of these alleged overdetention cases results in voluminous motion practice, which wastes this Court's time.

On the other hand, consolidation with *Barnes* will garner plaintiff expedient and economical relief, should *Barnes* settle. If it does not settle, then this Court is faced with only one jury trial on the overdetention claims, as opposed to two.

Lastly, plaintiff faces a continued stay of all proceedings should this motion to consolidate fail. The stay should significantly delay proceedings in this individual overdetention case. Plaintiff should welcome the opportunity for consolidation.

## II.    CONCLUSION

For the foregoing reasons of fact and law, the District of Columbia requests that this Court enter an order consolidating *Daniel Simmons v. The District of Columbia*, *et al*., Civil Action 07-00493, with *Carl A. Barnes, et al., v. District of Columbia,* Civil Action No. 06-315 (RCL).

    Respectfully submitted:

    PETER NICKLES
    Acting Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    ELLEN EFROS [250746]

        Chief, Equity Section I

        <u>/s/ Denise J. Baker</u>
        Denise J. Baker
        D.C. Bar No. 493414
        Assistant Attorney General
        441 4th Street, Northwest, 6th Floor South
        Washington, D.C. 20001
        202-442-9887 (Telephone)
        202-727-0431 (Facsimile)
        Denise.baker@dc.gov