UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
                                    )
**DANIEL SIMMONS,**                 )
    Plaintiff,   )
                                    )
    v.           )    Civil Action No. 07-493 (RCL)
                                    )
**DISTRICT OF COLUMBIA,** *et al.*, )
    Defendants.  )
                                    )
_____)

## MEMORANDUM OPINION

Before the Court is defendants' John Does 1–5 Motion to Dismiss or, in the Alternative, Motion for Partial Summary Judgment. Upon consideration of the motion, ECF No. 60, the opposition thereto, ECF No. 61, the reply brief, ECF No. 62, applicable law, and the entire record, the Court will grant the motion for the reasons stated below.

### I. BACKGROUND

Plaintiff has alleged that when he was incarcerated at the D.C. Detention Facility, defendants the District of Columbia and John Does 1–5 violated his rights. Plaintiff filed his initial complaint in 2007. Compl., Mar. 15, 2007, ECF No. 1. The Court later dismissed all of the counts for failure to state a claim, except those relating to plaintiff's overdetention, which the Court stayed pending further proceedings in *Barnes v. District of Columbia*, Civil No. 06-315 (D.D.C.). Mem. Order 6, 10–11, Mar. 27, 2008, ECF No. 18. Plaintiff then filed an amended complaint, pleading four counts: (I) overdetention in violation of the Fifth Amendment; (II) an unreasonable body-cavity search in violation of the Fourth Amendment; (III) common-law negligence in overdetaining plaintiff, housing plaintiff with a convicted murderer, and

1

conducting an unreasonable body-cavity search; and (IV) common-law negligent supervision, training, and hiring in overdetaining plaintiff, housing plaintiff with a convicted murderer, and conducting an unreasonable body-cavity search. Am. Compl., Mar. 10, 2009, ECF No. 29. Defendant the District of Columbia filed a motion for partial summary judgment, July 27, 2010, ECF No. 53, which the Court granted in part and denied in part, Order, Nov. 9, 2010, ECF No. 56. Because only the District of Columbia moved for partial summary judgment, the Court did not consider claims against John Does 1–5. *See* Mem. Op. 2 n.1, Nov. 9, 2010, ECF No. 57.

Defendants John Does 1–5 now move for dismissal, or, in the alternative, summary judgment as to Counts II and III of Plaintiff's Amended Complaint. John Does 1–5 do not move for dismissal or summary judgment as to Count I, because this overdetention claim has been stayed, and they do not move for dismissal or summary judgment as to Count IV, because that Count only applies to the District of Columbia, not to John Does 1–5. On December 14, 2010, the Court granted leave for this motion to be filed. Order, Dec. 14, 2010, ECF No. 59.

## II. ANALYSIS

The September 4, 2009, scheduling order in this case dictates, in relevant part, that fact discovery is to be completed within 120 days of the order, that plaintiff's expert report(s) and information shall be served no later than 45 days after the close of fact discovery, that defendants' expert report(s) and information shall be served no later than 75 days after the close of fact discovery, that all discovery on the parties' experts shall close 105 days after the close of fact discovery, and that plaintiff has leave to file amendments to the First Amended Complaint to name the John Doe defendants until thirty days after the close of discovery. Order, Sept. 4, 2009, ECF No. 37. After several extensions of time, the Court ultimately ordered that fact discovery close on April 2, 2010, and that all associated deadlines that relied upon the close of fact

discovery for their calculation be similarly extended. Order, Feb. 16, 2010, ECF No. 52. Based on those two orders, the scheduling in this case was as follows: close of fact discovery: April 2, 2010; service of plaintiff's expert report(s) and information: May 17, 2010; service of defendants' expert report(s) and information: June 16, 2010; close of expert discovery: July 16, 2010; leave to file amendments to the First Amended Complaint to name the John Doe defendants: August 15, 2010. Neither party has filed a motion for extension of any of these deadlines.

Under this timetable, plaintiff was permitted to file amendments to the First Amended Complaint to name the John Doe defendants on or before August 15, 2010. Plaintiff failed to do so. Only in his opposition to the pending motion does plaintiff attempt to excuse this failure, when he states: "As Defendant well knows, Plaintiff has not been able to identify the John Doe Defendants through Discovery. Defendant did not provide the names of the correctional officers involved in the events Plaintiff complained of making it impossible for Plaintiff to identify the John Doe Defendants." Pl.'s Opp'n 1. Defendants John Does 1–5 note in their reply that "[plaintiff] never complained of any purported deficiencies in the District of Columbia's discovery responses, never moved to compel additional information, and never deposed any District of Columbia employee or representative." Defs.' Reply 1. The Court agrees with defendants John Does 1–5. Both fact and expert discovery are now complete in this case, and plaintiff never indicated any deficiency in discovery. Even after the completion of discovery, plaintiff has still indicated that it is "impossible" to name the John Doe defendants. Unfortunately for plaintiff, the time has now run to name the John Doe defendants.

Plaintiff may bring an action against unknown John Doe defendants, but plaintiff must substitute named defendants for those unknown defendants after the completion of discovery. As

the Eighth Circuit has held: "[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995); *see also Landwehr v. FDIC*, Civ. No. 09-716, 2010 WL 2572077, at *3 (D.D.C. June 28, 2010); *Chung v. U.S. Dep't of Justice*, Civ. No. 00-1912, 2001 WL 34360420, at *6–7 (D.D.C. Sept. 20, 2001) (holding that unknown defendants should not be dismissed before discovery when discovery could reasonably help plaintiff to identify the unknown defendants, while noting that the unknown defendants must "eventually" be dismissed). Because, even after the completion of discovery, plaintiff is unable to substitute named defendants for the John Doe defendants, the action can no longer proceed against the John Doe defendants.

Furthermore, as defendants argue, Defs.' Mot. 1, and because plaintiff has not identified defendants John Does 1–5, plaintiff failed to serve process on John Does 1–5. Plaintiff has 120 days to serve a defendant after filing his complaint, or else the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specific time." Fed. R. Civ. P. 4(m). The Court must, however, extend time for service if plaintiff "shows good cause for the failure." *Id.* Plaintiff has not yet served John Does 1–5. Plaintiff filed his amended complaint on March 10, 2009. Plaintiff did not meet his service of process deadline of July 8, 2009 (120 days after March 10, 2009). Even assuming that the 120 days began to run on the date by which plaintiff was permitted to file amendments to the First Amended Complaint to name the John Doe defendants—that is, December 13, 2010 (120 days after August 15, 2010), plaintiff did not meet this service of process deadline either. Plaintiff has not shown good cause for his failure to meet these deadlines. His failure to identify John Does 1–5 does not constitute good cause, because he has not shown good cause for that failure to identify. Nor has he shown that

4

any extension of time would permit him to identify and serve these defendants. Thus, the Court will dismiss without prejudice John Does 1–5 pursuant to Rule 4(m).

Because the Court is dismissing Counts II and III of the Amended Complaint on these grounds, it does not reach the issues of dismissal on the basis of personal jurisdiction or summary judgment.

### III. CONCLUSION

For the reasons stated, the Court will grant defendants' John Does 1–5 Motion to Dismiss or, in the Alternative, Motion for Partial Summary Judgment.

The Court will furthermore order that Counts II and III of plaintiff's First Amended Complaint be dismissed without prejudice as to defendants John Does 1–5.

A separate order consistent with this memorandum opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on January 5, 2011.